J-S58036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ORVAL WALTER WATSON, JR., | |
| Appellee | No. 507 WDA 2014 |

Appeal from the Order Dated March 11, 2014
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001074-2013

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and PLATT, J.[*]

DISSENTING MEMORANDUM BY BENDER, P.J.E.: **FILED OCTOBER 06, 2014**

Because I disagree with the Majority's decision to overlook the Commonwealth's untimely filed Pa.R.A.P. 1925(b) statement, I respectfully dissent.  I believe we are compelled to conclude that the Commonwealth has waived its issue for our review and affirm on that basis.

On April 7, 2014, the trial court issued its amended Rule 1925(b) order directing the Commonwealth to file a concise statement within 21 days.  The order clearly directed that "any issue not properly included in the statement, **timely filed** and served pursuant to subdivision (b), shall be deemed waived."  Trial Court Order, 4/7/14 (emphasis added).  The docket indicates

_____

[*] Retired Senior Judge assigned to the Superior Court.

this order was served upon the Fayette County District Attorney's Office on April 8, 2014. Thirty-five days later, the Commonwealth filed its concise statement, along with a "Petition to Accept Concise Statement of Matters Complained of on Appeal as Timely." In that petition, the Commonwealth explained the untimeliness of its Rule 1925(b) statement as follows: "Due to an unintentional clerical error, the undersigned did not receive either order and was unaware of [the] request [for a Rule 1925(b) statement] by this Honorable Court." Petition, 5/13/14. The trial court granted the Commonwealth's petition and considered its Rule 1925(b) statement as timely filed.

In a footnote, the Majority states that it is overlooking the untimeliness of the Commonwealth's concise statement because the trial court filed an opinion addressing the Commonwealth's sole issue on appeal. Majority Decision at 4 n.2. The Majority reasons that, "[t]his Court may address the merits of a criminal appeal where the appellant failed to file a timely Rule 1925(b) statement if the trial court had adequate opportunity and chose to prepare an opinion addressing the issues being raised on appeal." Majority Decision at 4 n.2 (citing **Commonwealth v. Burton**, 973 A.2d 428 (Pa. Super. 2008) (*en banc*) (addressing post-amendment Rule 1925 and ramifications regarding untimely Rule 1925(b) statement)).

However, in this Court's recent *en banc* decision in **Greater Erie Indus. Development Corp. v. Presque Isle Downs**, 88 A.3d 222 (Pa. Super. 2014), we expressly rejected application of this precise exception to

- 2 -

Rule 1925(b) waiver, citing precedent of our Supreme Court. ***Id.*** at 224

(citing ***Commonwealth v. Castillo***, 888 A.2d 775, 779-780 (Pa. 2005)).

We declared:

> *Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues.* Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." ***Hess v. Fox Rothschild, LLP***, 925 A.2d 798, 803 (Pa. Super. 2007) (citing ***Castillo***, 888 A.2d at 780) (emphasis in original); *see **Feingold v. Hendrzak***, 15 A.3d 937, 940 (Pa. Super. 2011).

***Id.*** at 225 (emphasis added).[1]

In light of ***Greater Erie***, I believe we are bound to deem the

Commonwealth's appellate issue waived based on its patently untimely Rule

1925(b) statement. Furthermore, the fact that "the trial court granted the

Commonwealth's request to accept its Rule 1925(b) statement as timely

filed[]" does not impact our decision on the issue of Rule 1925(b) waiver.

Majority Decision at 4 n.2; *see **Commonwealth v. Taylor***, 671 A.2d 235,

238 (Pa. Super. 1996) ("[T]he issue of waiver based on a violation of Rule

1925(b) is expressly reserved to the appellate courts, and not to the trial

---

[1] We did recognize in ***Greater Erie*** that waiver could be excused if the trial court's Rule 1925(b) order failed to comply with the requirements of that rule. Here, as stated *supra*, the trial court's order fully complied with the mandates of Rule 1925(b).

courts.") (quoting **Commonwealth v. Donahue**, 630 A.2d 1238, 1242-1243 (Pa. Super. 1993)).  Accordingly, I would deem the Commonwealth's issue waived and affirm the trial court's order on that basis.