**Frederic Lee HESS Jr., and Richard R. Hess, Appellants**

v.

**FOX ROTHSCHILD, LLP and Barbara R. Flacker, Esquire, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 9, 2007.

Filed May 14, 2007.

Reargument Denied July 11, 2007.

Clifford B. Cohn, Philadelphia, for appellants.

Curtis P. Cheyney, III, Philadephia, for appellees.

BEFORE: STEVENS, McCAFFERY, and KELLY, JJ.

OPINION BY McCAFFERY, J.:

¶ 1 Appellants, Frederick Lee Hess, Jr. and Richard R. Hess, appeal from the order of the trial court that dismissed with prejudice their amended complaint sounding in legal malpractice against Appellees, Fox Rothschild, LLP, and Barbara Flacker, Esq., Appellants' stepmother's attorneys. Appellants ask us to determine whether the trial court erred in granting Appellees' preliminary objections in the nature of a demurrer, which contended that Appellants did not have standing and did not raise any cognizable claim. Following careful review, we affirm.

¶ 2 Briefly, the facts and procedural history underlying this appeal are as follows.[1] Appellees were retained by Edward and Madeline Rosewater (respectively "Mr. and Mrs. Rosewater" or collectively "the Rosewaters"), who married in 1971 and are both now deceased, to provide advice and services with regard to estate planning, including the drafting of their wills and creation of trusts therein. Appellants, who are the stepsons of Mrs. Rosewater from a prior marriage, brought an action against Appellees sounding in negligence, breach of contract, intentional breach of the covenant of good faith and fair dealing, and punitive damages. All claims involved Mrs. Rosewater's will, which was drafted by Appellees, was executed on September 13, 1990, and was admitted to probate by the Register of Wills of Montgomery County following the death of Mrs. Rosewater in November 2002. Mrs. Rosewa-

---

1. Because the procedural posture of the instant case is an appeal from the grant of preliminary objections in the nature of a demurrer, we set forth the facts as presented in Appellants' complaint. *See infra.*

ter's will established several trusts, including a regular marital trust and a residuary trust. Appellants were named as beneficiaries of the residuary trust.

¶ 3 Appellants' complaints focus on an event that occurred following the death of Mrs. Rosewater, *i.e.*, Mr. Rosewater's withdrawal of $5,000,000 in the summer of 2003 from the regular marital trust. Mr. Rosewater died approximately four months later in January 2004. Mrs. Rosewater's will explicitly provided that her husband had an unlimited right to withdraw as much of the principal from this trust as he requested, and furthermore afforded to him a testamentary power of appointment as to this trust. The will also provided that if Mr. Rosewater did not exercise the testamentary power of appointment, the corpus remaining in the regular marital trust at his death would pass to the residuary trust and thus to Appellants.

¶ 4 In their complaint, Appellants contended that their inheritance was improperly diminished, contrary to the testamentary wishes of Mrs. Rosewater, by Mr. Rosewater's withdrawal of funds from the regular marital trust. (*See* Appellants' Brief at 11). Furthermore, Appellants alleged that Appellees' negligence in drafting Mrs. Rosewater's will was responsible for their diminished inheritance because the will did not reflect her testamentary wishes. (*Id.* at 12). More specifically, Appellants' amended complaint comprised three counts: (1) a tort claim for legal malpractice based on negligence; (2) a breach of contract claim; and (3) a claim of intentional breach of covenant of good faith and fair dealing/punitive damages, otherwise described as a claim for breach of fiduciary duties. (*See id.* at 12; Amended Complaint, filed 3/18/05, at 7, 9, 11).

¶ 5 Appellees filed preliminary objections to Appellants' amended complaint, contending both that Appellants lacked standing to raise any of their claims and, furthermore, that Appellants failed to plead facts to support the elements of any cause of action. Oral argument was held on September 12, 2005, and on December 30, 2005, the trial court entered an order sustaining Appellees' preliminary objections to all three counts of Appellants' amended complaint and dismissing Appellants' amended complaint with prejudice. The court did not issue an opinion, nor any statement from the bench, and the court's order provided no rationale for the decision.

¶ 6 Appellants filed a timely notice of appeal to this Court. The trial court ordered Appellants to file a concise statement of matters complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). Appellants filed a timely Rule 1925(b) statement that listed only the following two items:

1. The Court erred in sustaining preliminary objections to [Appellants'] Amended Complaint.

2. The Court erred in dismissing [Appellants'] Complaint.

(Appellants' Rule 1925(b) Statement, filed 1/31/06).

¶ 7 Appellees then filed with this Court a motion to quash the appeal, contending that Appellants had waived all issues on appeal because their Rule 1925(b) statement was so vague and uninformative as to be the equivalent of no statement at all. On March 21, 2006, the trial court filed an opinion pursuant to Rule 1925(a) concluding that the appeal should be quashed because Appellants' Rule 1925(b) statement was too vague to permit the trial court to identify and address the is-

sues raised on appeal.[2]

¶ 8 Appellants now raise the following three issues for our review:[3]

I. Did the [l]ower [c]ourt err in sustaining preliminary objections to a legal malpractice claim in negligence on the basis that no cause of action exists because [Appellants] were not clients of the law firm or lawyer?

II. Did the [l]ower [c]ourt err in sustaining preliminary objections to a legal malpractice claim in assumsit [sic] on the basis that no cause of action exists when the Supreme Court of Pennsylvania has explicitly held that a named legatee has standing as a third[-]party beneficiary to pursue a claim for legal malpractice?

III. Did the [l]ower [c]ourt err in sustaining preliminary objections that [Appellants] failed to plead a proper claim for breach of fiduciary duty?

(Appellants' Brief at 3).

### I. Pa.R.A.P.1925(b) Issues

¶ 9 Before we may consider the merits of Appellants' issues, we must determine whether, as the trial court has concluded, Appellants have waived all their issues on appeal by failing to file a sufficiently specific Rule 1925(b) statement.

■■■■ ¶ 10 Whenever a trial court orders an appellant to file a concise state-ment of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner. *Commonwealth v. Castillo*, 585 Pa. 395, 403, 888 A.2d 775, 780 (2005); *see also Lineberger v. Wyeth*, 894 A.2d 141, 148 n. 4 (Pa.Super.2006) (noting that principles surrounding application of Rule 1925(b) enunciated in criminal cases apply equally to civil cases). Failure to comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal. *Castillo, supra* at 403, 888 A.2d at 780; *Lineberger, supra* at 148. Furthermore, any issue not raised in an appellant's Rule 1925(b) statement will be deemed waived for purposes of appellate review. *Lineberger, supra* at 148.

¶ 11 On several occasions, this Court has also addressed the issue of Rule 1925(b) statements that are vague and/or overly broad. We have consistently held that a Rule 1925(b) statement is not in compliance with the Rules of Appellate Procedure if it is so vague and broad that it does not identify the specific questions raised on appeal. *See, e.g., Wells v. Cendant Mobility Financial Corp.*, 913 A.2d 929, 932–34 (Pa.Super.2006); *Lineberger, supra* at 148–49.

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to

**2.** Appellants filed two amended and untimely Rule 1925(b) statements, the first on March 16, 2006, which accompanied Appellants' answer to Appellees' motion to quash, and the second on March 29, 2006. In neither case did Appellants seek leave of the trial court to file their supplemental, amended Rule 1925(b) statements. Because of this omission, we must conclude that the trial court acted properly in not considering these statements, and we also decline to consider them. *See Commonwealth v. Jackson*, 900 A.2d 936, 939 (Pa.Super.2006) (holding that issues raised in an untimely *supplemental* Rule 1925(b) statement that has been filed without leave of court are waived); *see also Commonwealth v. Gravely*, 918 A.2d 761, 766 (Pa.Super.2007) (holding that "an appellant's request for an extension of time under Pa.R.A.P. 1925(b) must be in the form of a formal pleading to which an opposing party has the opportunity to respond and which places the trial court on notice to file an order addressing the pleading").

**3.** We have reordered Appellants' issues for ease of disposition.

be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

In other words, a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all.

*Lineberger, supra* at 148 (citation omitted); *see also Wells, supra* at 932–34 (same principles).

■ ¶ 12 However, before concluding that an appellant's Rule 1925(b) statement is too vague, we must examine the record and any trial court opinion or order to ensure that the basis of the ruling being appealed has been provided. If the reasons for the court's order do not appear in the record, it may be impossible for the appellant to be sufficiently specific in formulating questions on appeal. As our Supreme Court has held,

unless one knows the basis for a court's order, there is no way to specifically challenge its rationale. . . .

When one seeking to appeal has no basis in the record to discern the basis for the order being challenged, Pa.R.A.P. 1925(b) must not be employed as a trap to defeat appellate review, requiring specifically stated challenges to the resolution of issues before there has been any revelation as to how the issues have been resolved.

*Ryan v. Johnson,* 522 Pa. 555, 560, 564 A.2d 1237, 1239 (1989).

■ ¶ 13 When the reasons for a trial court's ruling are vague or not discernable from the record, then an appellant may be *forced* to file a vague Rule 1925(b) statement, and it would be unjust to consider such filing a violation of the Rule. *Commonwealth v. Zheng,* 908 A.2d 285, 288 (Pa.Super.2006). "Just as the trial judge cannot be made to guess what an appellant is complaining of on appeal, an appellant cannot be made to guess what the trial judge is thinking in his or her ruling." *Id.* Therefore, under these limited circumstances where the appellant is unable to ascertain the trial court's rationale for the ruling under appeal, it is not appropriate to find waiver or to dismiss the appeal based on a vague Rule 1925(b) statement. *Accord Commonwealth v. Poncala,* 915 A.2d 97, 100 (Pa.Super.2006).

¶ 14 We turn now to the facts of *Ryan, supra,* because we consider them in many ways similar to the instant case and hence instructive. The *Ryan* trial court had denied the appellant's petition to strike/open a judgment, but had not offered any statement of its reasons for denying relief and the record provided no indication of the basis for the court's order. *Ryan* at 558, 564 A.2d at 1238. When the trial court ordered the appellant to file a Rule 1925(b) statement, the appellant made known her intent to appeal all issues raised in the pleadings or in oral argument and noted that she could not be more specific without knowing the basis of the court's ruling. The trial court responded with an opinion recommending dismissal of the appeal for failure to file a sufficiently specific Rule 1925(b) statement. *Id.* Although the appellant then filed a more detailed Rule 1925(b) statement, this Court dismissed the appeal, concluding that the appellant had waived all her issues on appeal by failing to file a sufficiently detailed Rule 1925(b) statement. *Id.* at 558–59, 564 A.2d at 1238–39. Our Supreme Court reversed and remanded, reasoning that it was "not apparent that appellant could have been substantially more specific, since the court had given absolutely no indication of the reasons for its decision." *Id.* at 559, 564 A.2d at 1239.

■ ¶ 15 In the case *sub judice*, the trial court provided no reasons whatsoever for dismissing Appellants' complaint. Neither the record nor the order itself is informative in this regard, and the court did not file an opinion that presented the rationale for its decision. The trial court's order stated only that Appellees' preliminary objections to all three counts of Appellants' amended complaint were sustained. (Trial Court Order, dated 12/30/05). This information provides almost no guidance as to the trial court's rationale because each of Appellees' preliminary objections contained several independent arguments, any one of which at least theoretically might have been the basis of the trial court's decision. More specifically, Appellees argued that Appellants did not have standing to bring any of their claims and that Appellants had not pled facts sufficient to prove virtually *any* element of any of the causes of action in their complaint. Under such circumstances, at least in theory, the trial court could have based its decision to sustain Appellees' preliminary objections and dismiss Appellants' complaint on any of a number of the individual objections.

¶ 16 We agree with the trial court and Appellees that Appellants' Rule 1925(b) statement is vague and overly broad and does not identify the specific issues being raised on appeal. We acknowledge that, in most circumstances, such a statement would not be in compliance with Rule 1925(b) and would result in waiver of all issues on appeal. However, because the trial court provided *no* rationale for its rulings and the rationale is not apparent from the record, Appellants would have had to speculate as to the trial court's rationale in order to delineate more specifically their issues on appeal. Such speculation serves neither the interests of the parties nor the efficient operation of this Court. Because we cannot expect Appellants to infer the reasons for the trial court's rulings from a record that is devoid of *any* explanation of those rulings, we decline to hold that Appellants have waived all issues on appeal for failure to file a sufficiently specific Rule 1925(b) statement.

■ ¶ 17 For reasons of judicial economy, however, we also decline to remand to the trial court for preparation of an opinion that describes its rationale for the order under appeal. In reviewing an order granting preliminary objections in the nature of a demurrer, we are presented with a purely legal question: whether the law says with certainty that no recovery is possible. *Bilt–Rite Contractors, Inc. v. The Architectural Studio*, 581 Pa. 454, 461, 866 A.2d 270, 274 (2005); *see infra*. Furthermore, the briefs of both parties have thoroughly argued the legal issues upon which this case must be resolved. Thus, we shall turn now to the merits of Appellants' appeal.

## II. Grant of Preliminary Objections in the Nature of a Demurrer

### A. Legal Principles

■ ¶ 18 A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. *Cardenas v. Schober*, 783 A.2d 317, 321 (Pa.Super.2001) (citing Pa.R.C.P. 1028(a)(4)). "Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer." *Id.* at 321–22 (citation omitted). All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true. *Id.* at 321.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case if free and clear of doubt.

*Brosovic v. Nationwide Mutual Insurance Co.,* 841 A.2d 1071, 1073 (Pa.Super.2004) (citation omitted).

¶ 19 In the instant case, the issues presented are (1) whether Appellants have standing to bring a malpractice suit against an attorney with whom they did not have an attorney-client relationship, and (2) whether they have raised a cognizable claim sounding in negligence or contract law. We therefore review in the following paragraphs the legal principles relevant to these issues.

 ¶ 20 To maintain a claim of legal malpractice based on negligence, a plaintiff must show an attorney-client or analogous professional relationship with the defendant-attorney. *Guy v. Liederbach,* 501 Pa. 47, 51, 58, 459 A.2d 744, 746, 750 (1983) (reaffirming the requirement that a plaintiff must show an attorney-client or analogous professional relationship or a specific undertaking in order to maintain an action in negligence for legal malpractice); *Cardenas, supra* at 342 (citing *Guy, supra); Gregg v. Lindsay,* 437 Pa.Super. 206, 649 A.2d 935, 937 n. 1 (1994) (holding that because the litigants did not have an attorney-client relationship, the plaintiff could not recover for legal malpractice based on negligence). This general, well-established rule applies to allegations of legal malpractice in any context, including, as here, disputes involving the drafting, execution, and/or administration of a will. *Guy, supra; Cardenas, supra; Gregg, supra.*

 ¶ 21 Although our Supreme Court has strongly reaffirmed this general rule, the high court also has recognized that persons who are legatees under a will and who lose their intended legacy due to the negligence of the testator's attorney should be afforded some remedy. *Guy, supra* at 63, 459 A.2d at 752. With this objective in mind, our Supreme Court has made available to legatees a cause of action as intended third-party beneficiaries of the contract between the testator and his or her attorney for the drafting of the will involved, pursuant to the principles of the Restatement (Second) of Contracts § 302 (1979), which defines intended and incidental beneficiaries. *Id.* at 58–62, 459 A.2d at 750–52 (cited in *Cardenas, supra* at 323). Under this contract-type analysis, the attorney is the promisor, who promised to draft a will to effectuate the testator's intent to benefit the legatee, and the testator is the promisee, who intended that the legatee receive the benefit as a third-party beneficiary of the drafted will. *Id.* at 61, 459 A.2d at 752. The Supreme Court concluded that "the grant of standing to a *narrow* class of third-party beneficiaries seems 'appropriate' under the Restatement (Second) of Contracts § 302 where the intent to benefit [the legatee] is clear and the promisee (testator) is unable to enforce the contract." *Id.* at 51–52, 459 A.2d at 747 (emphasis added).

¶ 22 To determine whether a legatee is an intended third-party beneficiary, our Supreme Court has established a two-part test:

> (1) the recognition of the beneficiary's right must be "appropriate to effectuate the intention of the parties," and
>
> (2) the performance must "satisfy an obligation of the promisee to pay money to the beneficiary" or "the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance." *The first part of the test sets forth a standing requirement. For any suit to be brought, the right to performance must be "appropriate to effectuate the intentions of the parties."*

\* \* \*

*The circumstances which clearly indicate the testator's intent to benefit a named legatee are his arrangements with the attorney and the text of his will.*

*Id.* at 60–61, 459 A.2d at 751–52 (quoting from the Restatement (Second) of Contracts § 302 (1979) (emphasis added)).

¶ 23 The factual circumstances of *Guy* provide an example of the type of situation to which the above analysis is appropriately applied. In *Guy*, the plaintiff-appellee was named in a will as the beneficiary of the testator's residuary estate and also as the executrix of the estate. The attorney who had drafted the will had directed the plaintiff-appellee to witness it, apparently unaware of the fact that a controlling New Jersey state law in effect at the time barred an attesting witness from taking under the will. *Id.* at 52–53, 459 A.2d at 747. After the probate court invalidated the plaintiff-appellee's legacy because she had witnessed the will, she filed a complaint in trespass (tort) and assumpsit (contract) against the attorney, alleging

legal malpractice based in negligence. The defendant-attorney filed preliminary objections in the nature of a demurrer which the trial court granted, dismissing the plaintiff-appellee's action because there was no attorney-client relationship between the litigants. On appeal, our Supreme Court agreed that the plaintiff-appellee could not maintain a malpractice suit in trespass (tort) on a theory of negligence because she had not had an attorney-client relationship with the defendant-attorney. *Id.* at 58, 459 A.2d at 750. However, our Supreme Court *did* allow the plaintiff-appellee to proceed with her suit for breach of contract under a third-party intended beneficiary theory, as discussed above. *Id.* at 61–62, 459 A.2d at 752–53.

■ ¶ 24 In interpreting and applying *Guy*, *supra*, this Court has emphasized that the class of legatees that may bring suit under the third-party beneficiary theory is *narrow*. *Minnich v. Yost*, 817 A.2d 538, 543 (Pa.Super.2003). More specifically, the class is limited to those legatees who "would otherwise have no means by which to obtain their expectancies under the testamentary instruments naming them." *Minnich*, *supra* at 543; *see also Guy*, *supra* at 51, 459 A.2d at 746 (holding that a "properly restricted cause of action for third party beneficiaries ... is available to named legatees ... who would otherwise have no recourse for failed legacies which result from attorney malpractice"); *Cardenas*, *supra* at 323 (citing *Gregg v. Lindsay*, 437 Pa.Super. 206, 649 A.2d 935, 937 (1994)), for the proposition that legatees may recover under the intended third-party beneficiary theory only under circumstances "in which it was clear that an innocent party had been injured by legal malpractice in the execution of an otherwise valid will."

B. Application of *Guy* and its Progeny to the Instant Case

¶ 25 In the case *sub judice*, the amended complaint clearly indicates that the Rosewaters, and not Appellants, were clients of Appellees. Because Appellants did not have an attorney-client or other analogous professional relationship with Appellees, Appellants cannot maintain an action in tort based on negligence for legal malpractice against Appellees. *See Guy, supra.* Therefore, the trial court correctly dismissed with prejudice count 1 of Appellants' amended complaint, and Appellants' first issue on appeal thus has no merit.

¶ 26 In counts 2 and 3 of their amended complaint, Appellants rely on principles of contract law, and to support their argument for standing, invoke our Supreme Court's holding in *Guy, supra.* In essence, Appellants allege that Appellees breached their contract with and fiduciary duty to Mrs. Rosewater by their drafting and administration of her will in such a way that Appellants netted a smaller bequest than the testatrix had intended. Appellants do not directly attack the validity of Mrs. Rosewater's will. Nor do they claim that anyone—including Appellees and Mr. Rosewater—acted contrary to the explicit provisions of Mrs. Rosewater's will. But, in claiming that Appellees breached their contract with Mrs. Rosewater by drafting a will that did not reflect the full measure of her intention to benefit Appellants, Appellants have attempted to call into question certain explicit provisions of the will under the guise of a contract claim. We do not read *Guy* and its progeny as sanctioning standing to bring such a claim.

¶ 27 As discussed in detail *supra*, our Supreme Court held in *Guy* that a legatee has standing to bring suit against the testator's attorney if the legatee's right to performance is "appropriate to effectu-ate the intentions of the parties" to the contract, *i.e.,* the testator and his or her attorney. *Guy, supra* at 60–61, 459 A.2d at 751–52. Furthermore, "[t]he circumstances which clearly indicate the testator's intent to benefit a named legatee are his arrangements with the attorney and the *text of his will*." *Id.* at 61, 459 A.2d at 752 (emphasis added). Under *Guy*, it is clear that Mrs. Rosewater's intentions as to who was to benefit from her will and what each legatee was to receive must be determined from the *text of her will*. Appellants do *not* claim that they received a legacy less than that bequeathed to them according to the text of Mrs. Rosewater's will. They claim only that Mrs. Rosewater's true intent was to bequeath them a *greater* legacy than that afforded by the will. However, this claim cannot be used to establish standing under *Guy*. Because Appellants did *not* plead that they lost their intended legacy as provided by the text of Mrs. Rosewater's will, we conclude that Appellants do *not* fall into the narrow class of legatees upon whom standing is conferred under *Guy* to bring suit for breach of contract against the testator's attorney.

¶ 28 Appellants' contrasting, expansive interpretation of *Guy's* holding not only conflicts with the oft-stated view that *Guy* applies to a *narrow* class of legatees, but also presents opportunities for mischief that we cannot condone or ignore. Under Appellants' view, virtually any legatees, disappointed in their share of the testator's bequests, could mount an indirect attack on the will by bringing suit against the testator's attorney, claiming that the will's text did not truly reflect the testator's intent and thus that the attorney breached his or her contract with the testator to benefit the (disappointed) legatees. We conclude that our Supreme Court neither intended nor even imagined that *Guy's*

grant of standing should extend so far from the circumstances presented in *Guy.* Therefore, we hold that Appellants do not have standing to bring a breach of contract or a necessarily-derivative breach of fiduciary duty claim against Appellees. We determine that the trial court properly dismissed counts two and three of Appellants' complaint with prejudice, and that Appellants' second two issues have no merit.

¶ 29 In summary, after careful review, we conclude that Appellants' complaint was properly dismissed with prejudice, because, pursuant to *Guy, supra,* and its progeny, Appellants do not have standing to pursue any of their claims. In addition, Appellants' motion for sanctions is denied.

¶ 30 Order affirmed. Motion for sanctions denied.

¶ 31 STEVENS, J. files a dissenting and concurring opinion.

CONCURRING/DISSENTING
OPINION BY STEVENS, J.:

¶ 1 While I agree with the Majority's conclusion that Appellants' failure to seek leave of the trial court to file their two, supplemental Rule 1925(b) statements has resulted in waiver of the issues raised therein and with its finding that Appellants' Rule 1925(b) statement is vague, overly broad and does not identify the specific issues being raised on appeal, I would find Appellants have waived all issues on appeal.

¶ 2 The Majority has determined that Appellants were "forced" to file a vague Rule 1925(b) statement, as the trial court's rationale for its ruling was not discernable from the record. The majority likens the circumstances herein to those presented in *Ryan v. Johnson,* 522 Pa. 555, 564 A.2d 1237 (1989); however, as the Majority notes, in that case the appellant stated she had been hindered in preparing a more specific 1925(b) statement as she did not know the basis of the trial court's ruling without an opinion. *Ryan,* 522 Pa. at 558, 564 A.2d at 1238. To the contrary, herein Appellants did not make a similar assertion in their Concise Statement of the Matters Complained of on Appeal, and in fact, raised the following three, specific issues in their Statement of Questions Involved portion of their brief:

1. Did the [l]ower [c]ourt err in sustaining preliminary objections to a legal malpractice claim in assumsit on the basis that no cause of action exists when the Supreme Court of Pennsylvania has explicitly held that a named legatee has standing as a third party beneficiary to pursue a claim for legal malpractice?

2. Did the [l]ower [c]ourt err in sustaining preliminary objections to a legal malpractice claim in negligence on the basis that no cause of action exists because [Appellants] were not clients of the law firm or lawyer?

3. Did the [l]ower [c]ourt err in sustaining preliminary objections that [Appellants] failed to plead a proper claim for breach of fiduciary duty?

Brief for Appellants at 3. Appellants had no additional information from the trial court when they drafted their brief than that which they had available when they filed their initial 1925(b) statement, yet they were able to present and develop the aforementioned specific issues in their brief.

¶ 3 In addition, in *Ryan, supra,* the trial court's Order provided merely that after oral argument and upon consideration of the parties' briefs, the petition of the defendant to strike/open judgment was dismissed and the prayer for relief was denied. *Ryan,* 522 Pa. at 557–558, 564 A.2d at 1238. Conversely, in its December 30, 2005, Order, the trial court herein did pin-

point the specific objections it was granting as it asserted that "[Appellees]' Preliminary Objections to Counts I, II, and III of [Appellants'] Amended Complaint are hereby sustained...." Appellees' other preliminary objections were found to have been rendered moot by this determination. As such, Appellants were made aware that the trial court had focused its analysis upon Appellees' Preliminary Objections to the first three counts in Appellants' Complaint. Significantly, the issues Appellants develop in their brief relate to Appellees' reasons for objecting to Counts I, II, and III, of their Complaint.

¶ 4 Accordingly, I would find Appellants have waived all issues on appeal.