**Grieco v. Sean & Co. L.P.**

*Daniel McLane,* for plaintiffs.
*Harry Kunselman,* for defendants.

KWIDIS, *J.,* October 15, 2009—Before this court are the defendants, Sean & Co. L.P. and Demetrios Pappan's preliminary objections as to the legal sufficiency of Counts II, III, and IV of the plaintiffs', Robert and Nancy Grieco's, amended complaint. The defendants' preliminary objections to Counts II, III and IV are denied as the gist of the action doctrine does not apply, and thus, Counts II, III and IV are not legally insufficient pursuant to Pa.R.C.P. 1028(a)(4).

On April 28, 2008, the defendants purchased from the plaintiffs a parcel of land at 142 McKinley Road, Chippewa, Pennsylvania with the intent of developing the land into the future site of a Tractor Supply Company store. The plaintiffs own and reside on the property at 132 McKinley Road, which is located between the parcel purchased by the defendants and State Route 51. Prior to the purchase of the 142 McKinley Road property, a row of pine trees existed on the plaintiffs' property, separating the property from Route 51. This row of trees, if left unaltered, would have obstructed the view from Route 51 of any future signage erected by the Tractor Supply Company Store.

In February of 2008, the defendants entered into a contract with the plaintiffs to remove the pine trees which would negatively impact the visibility of the proposed Tractor Supply Company store at the defendants' cost. The parties made further oral agreements regarding other specifics of the tree removal process. Specifically, the parties agreed: that Richard Cox was to remove the trees sometime after June 15, 2008; that the plaintiffs would supervise the tree removal; that the defendants would replace the pine trees with mounds of dirt and shorter trees; and that no other vegetation would be removed from the plaintiffs' property.

On approximately June 10, 2008, while the plaintiffs were on vacation in California, the defendants authorized contractors, not Richard Cox as agreed upon, to enter upon the plaintiffs' property to remove the pines trees. In addition to removing the pine trees specified in the agreement, the defendants' contractors removed or damaged numerous other trees, shrubs, and landscaping.

On February 17, 2009, the plaintiffs filed an amended complaint alleging: breach of contract, trespass, conversion and fraud in the inducement.

On November 21, 2008, the defendants filed preliminary objections to the plaintiffs' amended complaint, arguing that Counts II, III and IV are legally insufficient. The defendants argue that these three counts are barred by the gist of the action doctrine as Count I is a breach of contract claim and Counts II, III and IV are tort claims.

The Pennsylvania Rules of Civil Procedure provide that any party may file preliminary objections to a complaint for legal insufficiency, commonly referred to as a demurrer. Pa.R.C.P. 1028(a)(4). The question presented by demurrer is whether on the facts averred, the law says with certainty that no recovery is possible. *Hoffman v. Misericordia Hospital of Philadelphia,* 439 Pa. 501, 267 A.2d 867 (1970). "A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. . . . 'Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer.' . . . All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true." *Hess v. Fox Rothschild LLP,* 925 A.2d 798, 805 (Pa. Super. 2007). (citations omitted)

Under these guidelines, this court has proceeded to analyze the controlling cases involving the gist of the action doctrine.

The Superior Court defined the gist of the action doctrine in *Hart v. Arnold,* 884 A.2d 316 (Pa. Super. 2005), stating that the doctrine bars tort claims:

"(1) arising solely from a contract between the parties; (2) where the duties allegedly breached were created and grounded in the contract itself; (3) where the liability stems from contract; or (4) where the tort claim essentially duplicates a breach of contract claim or the success of which is wholly dependent on the terms of a contract." *Id.* at 340.

The Superior Court has explained, "When a plaintiff alleges that the defendant committed a tort in the course of carrying out a contractual agreement, Pennsylvania courts examine the claim and determine whether the 'gist' or gravamen of it sounds in contract or tort." *Pennsylvania Manufacturers' Association Insurance Company v. L.B. Smith Inc.,* 831 A.2d 1178, 1182 (Pa. Super. 2003). (citation omitted)

In the instant matter, the plaintiffs allege both contractual and tortuous claims. In Count I, the plaintiffs claim that the defendants intentionally, willfully and knowingly breached the pine tree removal agreement. However, the contract is extremely vague. It merely states that:

"I, Robert Grieco, authorize Sean & Co. LP or any of its agents or contractors to remove the trees along the border with 132 McKinley and Prestons which negatively impact the visibility of the Tractor Supply development to be located on 142 McKinley Road, Chippewa Twp., Beaver Falls, Pennsylvania."

This is the entire contract, and it does not specifically state what types of or number of trees were to be removed by the defendants. Further, the agreement does not specifically state when and by whom the trees were supposed to be removed.

Based on this agreement, it is unclear whether a breach of contract occurred. This court, therefore, cannot declare that the torts complained of in the plaintiffs' amended complaint were committed during the course of carrying out any of the contractual duties. The gist of the action doctrine does not bar the plaintiffs' tortuous claims of trespass, conversion and fraud in the inducement.

This court enters the following order.

## ORDER

And now, October 15, 2009, after argument and consideration of the defendants' preliminary objections in the above-captioned case, it is hereby ordered and directed as follows:

The defendants' preliminary objections are denied. The case will proceed on Counts II, III and IV of the plaintiffs' amended complaint.