J-S64040-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GARY VAUGHN | |
| Appellant | No. 866 WDA 2014 |

Appeal from the Order February 3, 2014
In the Court of Common Pleas of Cambria County
Civil Division at No(s): 2013-01772

BEFORE: GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY GANTMAN, P.J.: **FILED NOVEMBER 06, 2014**

Appellant, Gary Vaughn, appeals from the order entered in the Cambria County Court of Common Pleas, which granted the Commonwealth's petition for forfeiture against Appellant. We affirm.

The relevant facts and procedural history of this case are as follows. On May 11, 2005, federal agents and members of the Pennsylvania State Police seized thirty-nine (39) teeth-whitening systems, and 402 items of personal property from Appellant's store, Gary's Steals and Deals, and storage unit in Cambria County. A state police investigation revealed that Appellant would knowingly purchase stolen retail items from thieves and sell the items for profit. Appellant pled guilty in federal court to money laundering and conspiracy, and the federal court sentenced him to seventy-two (72) months' imprisonment.

On May 30, 2013, the Commonwealth filed a petition for forfeiture and notice to answer against Appellant in civil court for all teeth-whitening systems and personal property seized on May 11, 2005. The civil court issued on June 3, 2013, a rule to show cause why the petition should not be granted, to be answered within thirty (30) days. Appellant opposed the Commonwealth's petition in an untimely *pro se* letter on July 31, 2013; the letter did not include a "certificate of service." Appellant filed a second *pro se* letter on August 26, 2013, as another limited response to the civil court's rule to show cause. This letter, which explained that Appellant's July 31, 2013 *pro se* letter was the official answer to the Commonwealth's petition, also failed to include a "certificate of service."

The Commonwealth moved for an order of forfeiture on January 30, 2014, alleging that Appellant had failed to respond to the Commonwealth's May 30, 2013 petition and the civil court's rule to show cause. The civil court granted forfeiture on February 3, 2014. Appellant timely filed a *pro se* notice of appeal on February 26, 2014. The civil court ordered Appellant, on May 21, 2014, to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), but Appellant failed to comply.

Preliminarily, we observe: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." ***Greater Erie Indus. Development Corp. v. Presque Isle Downs, Inc.,*** 88 A.3d 222,

225 (Pa.Super. 2014) (*en banc*) (quoting **Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa.Super. 2007)).  A "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in **automatic waiver** of the issues raised." **Presque, supra** at 224 (emphasis in original).

"[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation…therefore, we look first to the language of that order." **Id.** at 225.  Pennsylvania Rules of Appellate Procedure, Rule 1925(b) provides in relevant part:

**Rule 1925.  Opinions in Support of Order**

\*    \*    \*

**(b)    Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

\*    \*    \*

(3)    *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:

(i)    the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii)    that the Statement shall be filed of record;

(iii)    that the Statement shall be served on the judge pursuant to paragraph (b)(1);

> (iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3). Moreover, "a failure by the prothonotary to 'give written notice of the entry of a court order and to note on the docket that notice was given' will prevent waiver…." *Presque, supra* at 226.

Instantly, on May 21, 2014, the civil court ordered Appellant to file of record and serve on the judge a Rule 1925(b) statement within twenty-one (21) days. *See* Pa.R.A.P. 1925(b)(3)(i)-(iii). The civil court's order also stated that any issue not raised in the Rule 1925(b) statement would be waived. *See* Pa.R.A.P. 1925(b)(3)(iv). Furthermore, notations on the docket and on the civil court's Rule 1925(b) order indicate that Appellant was given notice of the order on the same day as entry of the order. *See Presque, supra*. Thus, the civil court's order triggered Appellant's obligation to file a Rule 1925(b) statement, on or before June 11, 2014. *See id.* Nevertheless, Appellant failed to comply with the Rule 1925(b) order. Therefore, Appellant has waived all issues on appeal. *Id.*

Moreover, the civil court's June 3, 2013 rule to show cause ordered Appellant to file an answer within thirty (30) days. Nonetheless, Appellant filed his first *pro se* letter on July 31, 2013, and his second *pro se* letter on August 26, 2013. Thus, Appellant did not file a timely answer to the rule to show cause. Additionally, Appellant failed to file a "certificate of service" for either letter. *See* Pa.R.C.P. 206.3(b) (stating: "Each party shall, within five

(5) days of the filing of any document, file with the prothonotary a separate document…certifying that service of a complete copy has been made").

Accordingly, we affirm the civil court's decision to grant forfeiture.[1]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/6/2014

---

[1] Due to our disposition, we deny the Commonwealth's alternative request to remand.