# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| ESTATE OF ROBERT H. AGNEW, MARGARET ALZAMORA, INDIVIDUALLY AND AS EXECUTRIX OF THE ESTATE OF ROBERT H. AGNEW, WILLIAM AND SHEILA HENNESSY, H/W, MARGARET HENNESSY, JAMES AND CHRISTINE HENNESSY, H/W AND PAUL AND EILEEN JANKE, H/W, | No. 347 MAL 2015<br><br>Petition for Allowance of Appeal from the Order of the Superior Court |
| v. | |
| DANIEL R. ROSS, ESQUIRE, MEGAN MCCREA, ESQUIRE AND ROSS & MCCREA, LLP<br>PETITION OF: DANIEL R. ROSS, ESQUIRE AND MEGAN MCCREA, ESQUIRE | |

## ORDER

**PER CURIAM**

**AND NOW**, this 9th day of September, 2015, the Petition for Allowance of Appeal is **GRANTED**. The issues, as stated by petitioners, are:

(1)     Whether the Superior Court erred when it determined, in a published decision, contrary to Guy v. Liederbach, 501 Pa. 47, 459 A.2d 744 (1983), as well as reported Superior Court decisions, Gregg v. Lindsay, 437 Pa. Super. 206, 649 A.2d 935 (1994), Cardenas v. Schober, 2001 Pa. Super. 253, 783 A.2d 317 (2001) and Hess v. Fox Rothschild, 20[0]7 Pa. Super. 133, 925 A.2d 798 (Pa. Super. 2007), an executed testamentary document naming a third party as a beneficiary was not a prerequisite for that third party to have standing to bring a legal malpractice action based on breach of contract as third party intended beneficiary of contract against the testator's attorney?

(2)      Whether the Superior Court so far departed from accepted judicial practices or abused its discretion in failing to apply the clear precedent of Guy v. Liederbach, as well as other reported Superior Court decisions, Gregg v. Lindsay, Cardenas v. Schober and Hess v. Fox Rothschild, when it determined an executed testamentary document naming a third party as a beneficiary was not a prerequisite for that third party to have standing to bring a legal malpractice action based on breach of contract as third party intended beneficiary of contract against the testator's attorney?

(3)      Whether the Superior Court erred when it determined, in a published decision, evidence of the intent of the promisor (the testator's attorney) alone was sufficient to establish an issue of fact to defeat summary judgment on the issue of a third party's standing to pursue a legal malpractice breach of contract action against a testator's attorney?