J-A34020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| DONALD BRYCHCZYNSKI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SUSAN ROBBINS, PATRICK JANOSKO, EILEEN JANOSKO, PATRICK J. BARRETT | |
| APPEAL OF:  PATRICK J. BARRETT | |
| | No. 306 MDA 2015 |

Appeal from the Order Entered October 29, 2014
In the Court of Common Pleas of Bradford County
Orphans' Court at No(s): 0813-0250

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 29, 2016**

Patrick J. Barrett brings this interlocutory appeal by permission[1] from the order entered on October 29, 2014, in the Court of Common Pleas of Bradford County, that sustained in part, and denied in part, Barrett's preliminary objections to the complaint filed by Donald Brychczynski. [2]  In

---

[1] **See** 42 Pa.C.S. § 702(b); Pa.R.A.P. 1311(b).

[2] On November 12, 2014, Barrett filed a Motion for Partial Reconsideration of the Court's Order, dated October 21, 2014, and entered October 29, 2014. Also on November 12, 2014, Barrett filed a Motion to Amend the October 21, 2014 Order to Certify for Purposes of Taking an Interlocutory Appeal.   The trial court, on November 19, 2014, granted the motion for partial reconsideration, scheduled argument for December 10, 2014, and ordered that Barrett's motion to amend was scheduled for argument, if required, at the December 10, 2014, proceeding.  On December 8, 2014, the trial court
*(Footnote Continued Next Page)*

this appeal, Barrett's sole contention is that "the trial court committed an error of law in failing to dismiss all claims against [Barrett], on grounds that [Brychczynski], as a residual beneficiary of an *inter vivos* revocable trust, lacks the requisite standing to pursue a professional liability action against [Barrett]."[3]  Brief of Barrett at 5.  Based upon the following, we reverse the order of the trial court only insofar as it overruled Barrett's preliminary

_(Footnote Continued)_ ─────────────

entered an order re-scheduling the hearing on Barrett's motion for reconsideration for January 9, 2015.  On December 12, 2014, the trial court entered an order certifying its Order for purposes of taking an interlocutory appeal.  The trial court never issued an order or opinion regarding Barrett's Motion for Reconsideration.  On January 9, 2015, Barrett submitted a Petition for Permission to Appeal with this Court.  On February 19, 2015, this Court entered a *Per Curiam* Order granting Barrett permission to appeal from the trial court's order entered October 29, 2014.

[3] A "revocable trust" is defined in Pennsylvania's Uniform Trust Act as follows:

> **"Revocable trust."** --A trust is revocable to the extent the settlor, immediately before the time as of which the determination is made, had the power, acting without the consent of the trustee or any person holding an interest adverse to revocation, to prevent the transfer of the trust property at the settlor's death by revocation or amendment of or withdrawal of property from the trust.

20 Pa.C.S. § 7703.

Here, the Trust provided, at Paragraph 5, that "The trust is revocable by Edwin A. Bright.  **At any time during his lifetime Edwin A. Bright, may withdraw, the assets placed in the trust** and the income derived from the trust, or change beneficiaries, terms or trustees."  Modification of the Edwin A. Bright Trust of June 1, 2005, 2/22/2011, at ¶5 (emphasis added).

objection alleging the count for breach of fiduciary duty should be dismissed because Brychczynski has no standing, and we sustain Barrett's preliminary objection to that count; otherwise, we affirm.

The trial court has aptly summarized the background of this case:

**Procedural History**

[Brychczynski] filed a complaint against original Defendants who included, at the time of filing, the above-named individuals and one Russell Bancroft who was released as a Defendant by court order on 20 August 2014. The complaint was filed in the Bradford County Court of Common Pleas on, or about, 24 March 2014, and set out counts of Undue Influence, Tortious Interference with Expectation of Inheritance, Breach of Fiduciary Duty, Conversion, and Civil Conspiracy against Defendants either jointly or severally; the complaint also contained a demand for an equitable accounting by Defendants Barrett, Robbins, E. Janoski, and P. Janoski of certain funds allegedly received by them. Defendants filed preliminary objections to the counts identified in the complaint and the matter came on for hearing upon those preliminary objections on 20 August 2014 before the Honorable David E. Grine, Senior Judge, Specially Presiding. At the hearing of 20 August 2014, in addition to entertaining the objections advanced by Defendants, the Court considered motions entered by Defendants seeking transfer of the case to Orphan's Court, compulsory arbitration, and an order compelling Plaintiff to file a certificate of merit for malpractice.

**Background**

Edwin A. Bright (hereinafter referred to as "the Decedent"), who died on 4 August 2013, created and funded a trust account bearing his name on 1 June 2005. The Bright Trust (referred to below as "the Trust") was of the *inter vivos* variety with a transfer on death provision; the *corpus* of the trust, a Morgan Stanley brokerage account, was administered by original Defendant Bancroft, a Morgan Stanley employee but the Trust itself was under the direct control of the decedent. Named as residual beneficiaries of the Trust were [Brychczynski], Defendants Robbins (Decedent's full-time caregiver), E. Janosko

(Decedent's niece), and P. Janosko (Decedent's nephew-in-law); or the survivor(s) of those persons. Defendant Barrett was the Decedent's attorney for approximately eight years and served in that capacity during the lifetime of the Trust, i.e., from the time of its creation until the Decedent's passing on, or about, 27 July 2013. Approximately eight days prior to the death of the Decedent, Defendants Robbins, E. Janosko, P. Janosko, and Barrett received gifts from Decedent, which gifts totaled $2,050,000.00, an amount representing approximately two thirds of the total value of the Trust Account. [Brychczynski] complaining that Defendants, by means of fraud, undue influence, misrepresentation, and/or breach of professional responsibility took advantage of the Decedent's alleged ill health and alleged diminished mental capacity, and induced the Decedent to make these gifts, seeks to have the gifts set aside and the total amount of the gifts returned to the Trust Account.

Trial Court Opinion, 10/29/2014, at 1–2.

The trial court, by order dated October 21, 2014, and entered October 29, 2014, dismissed the claims against Barrett, except for undue influence, breach of fiduciary duty, and conversion.[4] This appeal followed.

_____

[4] The trial court ordered:

1. The motion to transfer the case to the Orphans' Court Division of the Bradford County Court of Common Pleas is granted.

2. The motion for Plaintiff to be directed to file a certificate of merit for malpractice against Defendant Barrett is granted.

3. The motion for dismissal of the count of Equitable Accounting is granted for all Defendants.

4. The motion for compulsory arbitration is denied.

5. The motion for Plaintiff to be directed to provide all of the Decedent's medical records is denied.

*(Footnote Continued Next Page)*

Our scope and standard of review is well settled:

A preliminary objection in the nature of a demurrer is properly granted where the contested pleading is legally insufficient. Preliminary objections in the nature of a demurrer require the court to resolve the issues solely on the basis of the pleadings; no testimony or other evidence outside of the complaint may be considered to dispose of the legal issues presented by the demurrer. All material facts set forth in the pleading and all inferences reasonably deducible therefrom must be admitted as true.

In determining whether the trial court properly sustained preliminary objections, the appellate court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in order to evaluate the sufficiency of the facts averred. The impetus of our inquiry is to determine the legal sufficiency of the complaint and whether the pleading would permit recovery if ultimately proven. This Court will

_(Footnote Continued)_ _____

6. The Objection alleging that the Complaint lacks specificity is overruled.

7. The Objection alleging that the count of Tortious Interference with Expectation of inheritance is inapplicable to the instant case is sustained for all Defendants.

8. The Objection alleging that the count of Undue Influence is inapplicable to the instant case is overruled.

9. The Objection alleging that the count of Undue Influence lacks specificity is overruled.

10. The-Objection. alleging that the count of  Civil Conspiracy is legally insufficient is sustained for all Defendants.

11. The Objection alleging that the count of Breach of Fiduciary Duty should be dismissed as to all Defendants because Plaintiff has no standing to bring it is overruled.

Order, dated 10/21/2014, entered 10/29/2014.

reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion. When sustaining the trial court's ruling will result in the denial of claim or a dismissal of suit, preliminary objections will be sustained only where the case i[s] free and clear of doubt.

Thus, the question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

***Barton v. Lowe's Home Centers, Inc.***, 124 A.3d 349, 354 (Pa. Super. 2015) (citation omitted).

Relevant to our review are the following counts of Brychczynski's Complaint:

**COUNT I**
**UNDUE INFLUENCE AGAINST ALL DEFENDANTS**

* * * *

67. Defendant Barrett served as legal counsel to the Decedent for approximately eight (8) years preceding the Decedent's death.

68. The Decedent trusted Defendant Barrett and relied upon his professional advice and recommendations.

69. As evidence of this trust, the Decedent asked Defendant Barrett to modify his Trust, and named Defendant Barrett as the Death Trustee[5] of the Decedent's Trust.

_____

[5] There is no such term as "Death Trustee" in the Pennsylvania Probate, Estates and Fiduciaries (PEF) Code, 20 Pa.C.S. §§ 101-8815, and Pennsylvania's Uniform Trust Act (UTA), 20 Pa.C.S. §§ 7701-7799.3. We assume Brychczynski is using this terminology to mean that Barrett was the alternate Trustee to serve upon the death of the Decedent, or if the Decedent became incapacitated or unable to act. ***See*** Modification of the Edwin A. Bright Trust of June 1, 2005, 2/22/2011, at ¶2 ("The Trustee of the
*(Footnote Continued Next Page)*

70. The Decedent also appointed Defendant Barrett as Executor of the Decedent's estate.

* * * *

82. There existed a confidential relationship between each of the Defendants and the Decedent.

83. The Defendants abused their respective confidential relationship with the Decedent and coerced, influenced and/or engaged in other improper conduct in order to compel the Decedent to execute the transfer request on July 27, 2013, and to make the unlawful transfers to Defendant Robbins, the Defendants Janosko, and Defendant Barrett.

84. The Plaintiff experienced actual financial damages as a result of the Defendants' abuses of their confidential relationship with the Decedent and the undue influence which they exerted over the Decedent.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants and order that the distributions made from the Decedent's Trust Account on or about July 27, 2013 be set aside and further order that the Defendants immediately return to Decedent's Trust Account the full amount of said distributions, plus interest, attorneys' fees and costs of suit. Plaintiff requests that this Court further enter any relief that it deems just and proper under the circumstances.

* * * *

**COUNT III**
**BREACH OF FIDUCIARY DUTY**
**PLAINTIFF v. PATRICK BARRETT III, SUSAN ROBBINS,**
**PATRICK JANOSKO and RUSSELL BANCROFT**

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯

trust shall be Edwin A. Bright. Upon the death of Edwin A. Bright or if he becomes incapacitated and is unable to act, the alternate trustee will be Patrick J. Barrett III.").

92. The preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

93. As legal counsel for the Decedent, Defendant Barrett met with the Decedent frequently.

94. As legal counsel for the Decedent, Defendant Barrett owed a duty of loyalty to the Decedent and was under a duty to act for and to give advice for the benefit of the Decedent upon legal, estate planning and financial matters within the scope of the attorney-client relationship.

95. Defendant Barrett knew or should have known of the Decedent's weakened and compromised mental capacity as of July 27, 2013.

96. Defendant Barrett knew or should have known of the significant influence that Defendant Robbins and the Defendants Janosko exerted upon the Decedent.

97. Defendant Barrett breached his fiduciary duty to the Decedent by abusing the attorney-client relationship that he had with the Decedent and by not protecting the Decedent's interests at a time when the Decedent was unable to protect his interests himself.

* * * *

108. The Defendants further breached their respective fiduciary duties to the Decedent by exerting undue influence upon the Decedent and engaging in a conspiracy to deprive the Plaintiff of his interest in the Decedent's Trust.

109. The Plaintiff has experienced actual financial damages as a result of the Defendants' breaches of their respective fiduciary duties.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants and order that the distributions made from the Decedent's Trust Account on or about July 27, 2013 be set aside and further order that the Defendants immediately return to Decedent's Trust Account the full amount of said distributions, plus interest,

attorneys' fees and costs of suit. Plaintiff requests this Court further enter any relief that it deems just and proper under the circumstances.

## COUNT IV
## CONVERSION AGAINST SUSAN ROBBINS,
## PATRICK & EILEEN JANOSKO and PATRICK BARRETT III

110. The preceding paragraphs are hereby incorporated by reference as if set forth fully herein.

111. The Defendants intentionally deprived the Plaintiff of his well-documented and well-defined right to receive one-third of the Decedent's trust account.

112. The Defendants intentionally interfered with the Plaintiff's well-defined right to receive one-third of the Decedent's trust account.

113. The Defendants engaged in this intentional deprivation and interference without the consent of the Plaintiff and without lawful justification.

114. The Defendants engaged in this intentional deprivation and interference by virtue of undue influence upon the Decedent at a time when the Decedent suffered from a weakened physical and mental state.

* * * *

117. Defendant Barrett currently exercises possession and/or control over the $50,000.00 that he wrongfully received from the Decedent's Trust Account prior to the Decedent's demise.

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendants and order that the distributions made from the Decedent's Trust Account on or about July 27, 2013 be set aside and further order that the Defendants immediately return to Decedent's Trust Account the full amount of said distributions, plus interest, attorneys' fees and costs of suit. Plaintiff requests this Court further enter any relief that it deems just and proper under the circumstances.

Complaint, 3/24/2014, at ¶¶67–70, 82–84, 92–97, 108–114, 117 (emphasis supplied).

In response to the Complaint, Barrett filed preliminary objections seeking dismissal of all claims on the grounds, *inter alia*, that the claims against him sound in professional liability and Brychczynski (1) had failed to file a Certificate of Merit in compliance with Pa.R.C.P. 1042.3, and (2) had no standing to pursue a negligence or breach of contract claim against him.[6, 7] The trial court determined:

> Here, [Brychczynski], who has not, so far as the Court can determine, never [sic] been a client of Defendant Barrett, appears to be asserting a claim of professional liability on behalf of the Decedent. The Court, while making no determination as to Plaintiff's actual standing to file a claim on behalf of Decedent, finds that Plaintiff must file a certificate of merit in order for his allegation of professional misconduct against Defendant Barrett to be considered.
>
> * * * *

_____

[6] A preliminary objection based on standing is proper pursuant to Pa.R.C.P. 1028(a)(5).

[7] Barrett's preliminary objections included: (1) motion to strike for failing to conform to the rules of court by filing a certificate of merit, (2) motion to dismiss all claims against Barrett on grounds Brychczynski had no standing to bring negligence or breach of contract claim against Barrett (demurrer), (3) motion to strike Count V – Civil Conspiracy Claim (demurrer), (4) motion to dismiss Count II – Tortious Interference with Expectation of Inheritance (Demurrer), (5) motion to dismiss Count VI – Equitable Accounting (Demurrer), and (6) Motion to dismiss Count I – Undue Influence against Barrett based on insufficient specificity. **See** Barrett's Preliminary Objections, 6/26/2014.

> Also, although the Court believes that any professional misconduct by Defendant Barrett could sound in malpractice, it opines that breach of fiduciary duty might also be made out if it is shown that; (1) the Decedent sought Defendant Barrett's advice or assistance; (2) any advice sought by Decedent was within Defendant Barrett's professional competence; (3) Defendant Barrett expressly or impliedly agreed to render such assistance; and, (4) it was reasonable for Decedent to believe that Defendant Barrett was representing him. *See Cost v. Cost*, 450 Pa. Super. 685, 692, 677 A.2d 1250, 1254 (Pa. Super. 1996) (breach of fiduciary duty if attorney-client relationship is shown).

Trial Court Opinion, 10/29/2014, at 6, 13 (unnumbered). As stated above, the trial court dismissed the claims against Barrett, except for undue influence, breach of fiduciary duty, and conversion.

Barrett argues that while the trial court did dismiss several claims against him, Brychczynski lacks standing under Pennsylvania law to assert the remaining causes of action, i.e., Count I (Undue Influence), Count III (Breach of Fiduciary Duty), and Count IV (Conversion), because he has been sued in his capacity as the attorney for Brychczynski's uncle, the Decedent. *See* Barrett's Brief at 15.

Barrett argues that Brychczynski has set forth a claim of legal malpractice against him, yet Brychczynski was not a client of Barrett's and had no privity of contract with Barrett. *See id.* at 17. Barrett maintains Pennsylvania law is clear that "in order to sufficiently state a cause of action for legal malpractice, whether negligence or breach of contract, 'a plaintiff must show an attorney-client or analogous professional relationship with the defendant-attorney." Barrett's Brief at 18, *citing Hess v. Fox Rothchild*,

- 11 -

925 A.2d 798, 806 (Pa. Super. 2007), *appeal denied*, 945 A.2d 171 (2008). Barrett acknowledges that the Pennsylvania Supreme Court has recognized a limited exception that permits a third party to have standing to bring a legal malpractice action based on breach of contract as a third party intended beneficiary of the contract between the testator and the testator's attorney. ***See Guy v. Liederbach***, 459 A.2d 744 (Pa. 1983). Barrett argues Brychczynski did not assert a claim for breach of contract against him. **See** Barrett's Brief at 19–20.

Barrett further asserts that even if Brychczynski did assert a claim for breach of contract, such a claim could not survive. Barrett cites ***Golden v. Cook***, 293 F.Supp.2d 546, 557 (W.D. Pa. 2003), stating "the federal district court applied the test set forth in ***Guy*** and determined that, under Pennsylvania law, the named beneficiaries/plaintiffs under an *inter vivos* trust did not have third part [sic] beneficiary standing to pursue a breach of contract claim against an attorney." Barrett's Brief at 20.

In response, Brychczynski asserts that not all of the claims asserted against Barrett are professional liability claims. Brychczynski maintains the claims are intentional torts, and are not based on any alleged professional negligence. **See** Brychczynski's Brief at 2, *citing* ***Krauss v. Claar***, 879 A.2d 302 (Pa. Super. 2004) (finding allegations did not raise any claims concerning defendant-attorney's duties as a licensed professional attorney; certificate of merit not required). Brychczynski argues:

> [A]s in the **Krauss** case, the claims against Appellant Barrett do not assert that "a licensed professional deviated from an acceptable professional standard." **Id.** [at 308]. This is significant because, as the **Krauss** Court points out, in Pennsylvania a claim against an attorney for legal malpractice (professional liability) must be asserted by the attorney's actual client. **Id.** However, with respect to claims brought against an attorney that are not professional liability claims, the Plaintiff has standing even if he was not a client of the attorney.

Brychczynski's Brief at 3-4.

Brychczynski claims that the fact that the trial court's order directed him to file a certificate of merit "does not somehow automatically convert all claims against Appellant Barrett into negligence claims," and "cannot apply to the intentional torts alleged against Appellant Barrett, as those claims are not professional liability, or malpractice, claims." **Id.** at 4.

Brychczynski further asserts that even if all claims against Barrett are determined to be legal malpractice claims, the privity requirement does not apply when dealing with intentional torts. Brychczynski argues that that "[w]hile the Trial Court chose to make no immediate determination as to Plaintiff's standing 'to file a claim **on behalf of Decedent**' (emphasis added), it did tacitly acknowledge the Plaintiff's standing to assert a claim on his own behalf, which is what Plaintiff intended to do. **Id.** at 5.

Based on our review of the Complaint, we agree with Barrett that Brychczynski's breach of fiduciary duty claim is a professional liability claim that he is attempting to assert on behalf of the Decedent. Brychczynski asserts Barrett breached his fiduciary duty by "abusing the attorney-client

- 13 -

relationship that he had with the Decedent." Complaint, 3/24/2014, at ¶97. However, there is no privity between Brychczynski and Barrett, and no third-party beneficiary breach of contract claim is asserted herein. **See _Guy,_ _supra_**. Therefore, we conclude the trial court erred in failing to dismiss the breach of fiduciary duty claim as Brychczynski has no standing to maintain this action against Barrett.[8]

_____

[8] Additionally, we note the facts as pleaded in the Complaint are that the Decedent asked Barrett to modify the Trust, which was last modified in 2011, and that the Decedent appointed Barrett as the "Death Trustee" and executor of his estate. **See** Complaint, 3/24/2014, at ¶¶8, 69–70. The Decedent died on August 4, 2013. **See id.** at ¶6.

The complained-of transactions took place on or about July 27, 2013, and were facilitated by the Decedent's investment advisor, Bancroft. **See** Complaint, **supra**, ¶¶ 17, 76–79. According to the Complaint, the Decedent transferred sums totaling $2,050,000.00 from the Trust account to Defendant Susan Robbins, the Defendants Patrick and Eileen Janosko, and Barrett. **See id.** at ¶¶17, 88. There is no allegation that Barrett was even present with the Decedent on July 27, 2013. The Complaint is completely devoid of any allegations that Barrett participated in the transactions of July 27, 2013, complained of by Brychczynski.

The assets transferred were the principal of an _inter vivos_ **revocable** Trust under which the Decedent was the **sole** Trustee. Although Brychczynski alleges the Decedent lacked capacity, there was no court determination that the Decedent was incapacitated or unable to act, and therefore Barrett was not acting as Trustee on July 27, 2013. **See** Modification of the Edwin A. Bright Trust of June 1, 2005, 2/22/2011, at ¶2 ("The Trustee of the trust shall be Edwin A. Bright. Upon the death of Edwin A. Bright or if he becomes incapacitated and is unable to act, the alternate trustee will be Patrick J. Barrett III.").

The attorney-client relationship does not create an ongoing fiduciary duty to monitor the actions of one's client — unless requested to do so. Here, there is no allegation that the Decedent retained Barrett to oversee
_(Footnote Continued Next Page)_

As to the Undue Influence Count, we conclude that, to the extent that this claim supports Brychczynski's claim for breach of fiduciary duty, this claim likewise fails for lack of standing.[9]  However, to the extent that the undue influence claim is to be read in conjunction with the conversion claim, we find that Brychczynski does have standing to maintain these causes of action.  In this regard, we conclude that the undue influence and conversion claims are not professional negligence claims asserted by Brychczynski on behalf of the Decedent, but are asserted by Brychczynski on his own behalf, as a trust beneficiary of the Decedent's *inter vivos* revocable trust, against Barrett, as recipient of a $50,000.00 transfer from the Decedent's trust account.[10]

*(Footnote Continued)* ―――――――――――――――

the Decedent's own actions as Settlor and sole Trustee.  As such, there could be no breach of fiduciary duty.

[9] In the undue influence count, Brychczynski alleges that Barrett failed to take action over concerns voiced to Barrett by the Decedent's paramour, Jean Johnson, and his niece, Ellen Bright, about the influence of the Defendant Robbins and Defendants Janosko.  **See Complaint, supra**, at ¶¶61–64.  Had Barrett been attorney-in-fact for the Decedent or co-trustee, he may have had a duty to take affirmative action; but he was not, and had no such obligation.   Therefore, the undue influence count cannot be used to bolster the breach of fiduciary duty, as Barrett had no fiduciary duty to prevent the Decedent from making the transfers from the trust of which the Decedent was Settlor and sole Trustee.

[10] We note that the only issue raised in this appeal is whether the trial court erred in failing to dismiss all claims against Barrett on the grounds that Brychczynski lacked standing.  As discussed, we conclude that Brychczynski does have standing to assert his claims for undue influence and conversion on his own behalf, as opposed to on the Decedent's behalf.  We recognize,
*(Footnote Continued Next Page)*

- 15 -

Accordingly, we reverse the order of the trial court only insofar as it overruled Barrett's objection alleging the count for breach of fiduciary duty should be dismissed because Brychczynski has no standing, and we sustain Barrett's preliminary objections with regard to the count for breach of fiduciary duty; otherwise, we affirm.

Order reversed in part, affirmed in part. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/29/2016

*(Footnote Continued)* ─────────

however, that going forward in this litigation, Brychczynski has to defeat the provision in the Trust that allows the Decedent to withdraw the assets placed in the Trust. **See** Footnote 1, *supra*, and Modification of the Edwin A. Bright Trust of June 1, 2005, 2/22/2011, at ¶5.

- 16 -