J-S74028-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| TERANCE HEALY, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| DAVID R. MILLER AND JENNIFER K. MILLER, | : | |
| | : | |
| | : | |
| Appellees | : | No. 900 EDA 2014 |

Appeal from the Order entered March 4, 2014,
Court of Common Pleas, Montgomery County,
Civil Division at No. 2013-29976

BEFORE:  BENDER, P.J.E, DONOHUE and STRASSBURGER*, JJ.

MEMORANDUM BY DONOHUE, J.:               **FILED DECEMBER 15, 2014**

Appellant, Terance Healy ("Healy"), appeals from the trial court's order granting, *inter alia*, the preliminary objections of Appellees, David R. Miller and Jennifer K. Miller (the "Millers").  For the reasons that follow, we dismiss this appeal.

In its written opinion pursuant to Rule 1925(a) of our appellate rules, the trial court provided the following concise summary of the factual and procedural background of this case:

> A 1995 Deed conveyed ownership of a residence at 110 Banbury Avenue, North Wales, Pennsylvania 19454 (the "Property") to [Healy] and his wife at the time, Sonya L. Healy[,] as tenants by the entireties. [Healy] and Ms. Healy became involved in divorce proceedings before the [trial court].  On May 9, 2011, the [trial court] issued a Divorce Decree and Order (the "May 9, 2011 Order") which directed, *inter alia*, that the Property shall be listed for sale

*Retired Senior Judge assigned to the Superior Court.

immediately and [Healy] must vacate the Property within thirty (30) days. The Order also gave Ms. Healy power of attorney to execute all necessary documents for the listing and sale of the Property for the purposes of an equitable distribution of the sale proceeds. Pursuant to a deed dated September 20, 2011, and recorded on October 6, 2011, Ms. Healy, both in her individual capacity and by power of attorney for [Healy], conveyed the Property to [the Millers].

On October 3, 2013, [Healy] filed a *pro se* ejectment complaint against [the Millers], alleging Ms. Healy's transfer of the Property to [the Millers] constituted a fraudulent conveyance. On October 22, 2013, [the Millers] filed preliminary objections to [Healy's] complaint. On November 12, 2013, [Healy] filed a reply to [the Millers'] preliminary objections. On November 22, 2013, [the Millers] filed a reply to [Healy's] response. On November 27, 2013, [Healy] filed a Motion to Strike a Defective and Void Order alleging that the May 9, 2011 Order was invalid. On December 6, 2013, [the Millers] filed a Response in Opposition to [Healy's] Motion to Strike a Defective and Void Order. On March [4], 2014, following a hearing, [the trial court] sustained [the Millers'] preliminary objections, dismissed [Healy's] complaint with prejudice, and dismissed [Healy's] Motion to Strike a Defective and Void Order as moot.

Trial Court Opinion, 7/18/2014, at 1-2.

Healy filed a notice of appeal from the trial court's March 4, 2014 order. In its review of Healy's Rule 1925(b) statement, the trial court found that Healy had not clearly identified any issues to be raised on appeal, and thus he had waived all issues on appeal. Out of an abundance of caution, however, the trial court addressed the overarching issues of whether it erred

in sustaining the Miller's preliminary objections and dismissing Healy's Motion to Strike a Defective and Void Order as moot.

We agree with the trial court that Healy's Rule 1925(b) statement, which contains 32 numbered paragraphs of various factual allegations and legal conclusions, is vague. This Court has ruled on prior occasions that a "Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all," and therefore is a basis for waiver of all issues on appeal. *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 804 (Pa. Super. 2007) (quoting *Lineberger v. Wyeth*, 894 A.2d 141, 148 (Pa. Super. 2006)). After reviewing Healy's Rule 1925(b) statement, however, we conclude that he sufficiently preserved for appeal, in paragraph 30, the issue of whether the trial court had subject matter jurisdiction to enter the May 9, 2011 Order in the divorce proceedings. In his Motion to Strike a Defective and Void Order, Healy contends that the trial court lacked subject matter jurisdiction to enter the May 9, 2011 Order because neither he nor his (former) wife ever specifically requested a divorce decree. Motion to Strike a Defective and Void Order, 11/27/2013, at 2. Essentially, then, one could construe Healy's argument on appeal to be that the sale of the marital home to the Millers (pursuant to the May 9, 2011 Order) was invalid because said Order was

- 3 -

entered by the trial court without any jurisdiction to do so,[1] and thus the Millers have no claim to possession of the marital home (hence the basis for an ejectment action).

We conclude that this issue has not been preserved for appeal, as Healy's appellate brief fails to conform to the rules for the contents of briefs set forth in our appellate rules. Rule 2116 requires the appellant to provide a "Statement of Questions Involved" in accordance with specific technical requirements, including that the issues be stated in a concise manner, without details or argument. Pa.R.A.P. 2116. Rule 2117 delineates the necessary contents of the "Statement of the Case," including, *inter alia*, a procedural history of the case and a closely condensed chronological statement of the facts necessary to decide the appeal. Rule 2118 requires the appellant to provide a "Summary of Argument," consisting of a "concise, but accurate, summary of the arguments presented in support of the issues in the statement of questions involved." Pa.R.A.P. 2118. Finally, Rule 2119, entitled "Argument," directs the appellant to divide this portion of the brief into separate sections for each issue set forth in the "Statement of Questions Presented," with each section containing a discussion of the issue and appropriate citation to authorities. Pa.R.A.P. 2119.

---

[1] We note that this Court recently quashed Healy's August 15, 2011 appeal of the May 9, 2011 divorce decree as untimely. ***See Healy v. Healy***, 1330 EDA 2013 at 8-11 (Pa. Super. October 27, 2014) (unpublished memorandum).

Healy's appellate brief fails, at a minimum, to comply with Rules 2116-2119. It contains no "Statement of Questions Involved," no "Statement of the Case," no "Summary of Argument," and no developed legal argument with respect to the issue that he arguably preserved for appeal (identified above). "This Court possesses discretionary authority to quash, dismiss or deny allowance of appeal based upon the substantial defects of appellant's brief. Pa.R.A.P. 2101." *PHH Mortgage Corp. v. Powell*, 100 A.3d 611, 615 (Pa. Super. 2014) (quoting *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa. Super. 1993)). Healy's failure to comply with our procedural rules, including in particular his failure to develop any legal argument with citations to the certified record and/or discussion of relevant authorities, precludes our ability to conduct meaningful appellate review. Accordingly, we are constrained to dismiss this appeal.

Healy has filed four motions associated with his appeal, including a Motion for Reconsideration of Oral Argument, a Motion for Proposed Course of Action Towards Resolution, a Motion for Production of Documents, and a Motion for Corrections to the Docket. All four motions are hereby dismissed as moot.

Appeal dismissed. All motions denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2014