J-S52007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| J.L.H., | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| V.W., | |
| Appellee | No. 167 MDA 2018 |

Appeal from the Order Entered December 22, 2017
In the Court of Common Pleas of Centre County
Civil Division at No(s): 2017-4353

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED SEPTEMBER 24, 2018**

J.L.H. (Appellant) appeals from the trial court's December 22, 2017 order dismissing her petition seeking a final protection from abuse (PFA) order against V.W. (Appellee), pursuant to the Protection From Abuse Act, 23 Pa.C.S. §§ 6101-6122.  We affirm.

Appellant filed a PFA petition against Appellee on December 11, 2017. That same day, the court issued a temporary PFA order and scheduled a final PFA hearing for December 22, 2017.  At that hearing, Appellant testified that she arrived at the home of her son and daughter-in-law, Appellee, to drop off their children.  N.T. PFA Hearing, 12/22/17, at 5.  Appellant claimed that as she was removing the children's belongings from her car, Appellee came out

_____

[*] Retired Senior Judge assigned to the Superior Court.

of the house and "was immediately upon [Appellant], with her nose at [Appellant's] face, screaming at [her]…." *Id.* Appellant admitted that she "pushed [Appellee] away from [her] face and said, 'Get out of my face.'" *Id.* Appellant claimed that Appellee then began "pummeling [Appellant] with punches[,]" one of which struck Appellant "really hard on [her] shoulder blade…." *Id.* at 6. Appellant "put her hands up in front of [her] face" and was "scared." *Id.* Shortly thereafter, Appellant's son intervened and "pulled [Appellee] off of [Appellant] and pushed [Appellee] away…." *Id.* at 6-7. Appellant then left the scene.

Appellant testified that, after the incident, she "ached all over" and her chest and head hurt. *Id.* at 7. She claimed that the next day, her "chest burned" and she "hurt all over." *Id.* at 8. Appellant took "ibuprofen all day" and "soaked in a hot bath." *Id.* Appellant testified that, two days after the incident, she had "bruises all over [her] chest[,]" including "a very large bruise above [her] left breast, and … other bruises on the right-hand side, leading up to [her] collarbone." *Id.* at 8, 9. Appellant also had a bruise "underneath [her] right armpit." *Id.* Appellant admitted into evidence pictures of the bruises on her chest and armpit; however, she conceded that there were no time-stamps on the pictures to verify the date on which they were taken. *Id.* at 10, 13.

When Appellee took the stand, she admitted that she approached Appellant and "had [her] nose to [Appellant's] nose…." *Id.* at 16. Appellee also testified that Appellant "shoved [Appellee] back[,] and [then Appellee]

shoved [Appellant]…." *Id.* at 17. However, Appellee claimed that after each woman shoved the other, her husband (Appellant's son) intervened and told Appellee to go into the house, which Appellee did. *Id.* at 18. Appellee denied that she punched Appellant or tried to hurt her at all. *Id.* Instead, she testified that she only pushed Appellant in retaliation for Appellant's pushing her first. *Id.*

At the conclusion of the proceeding, the court found that Appellant had failed to demonstrate that Appellee caused her an "impairment of physical condition" or "substantial pain as required by the [PFA] statute." *Id.* at 24. Therefore, the court dismissed Appellant's petition seeking a final PFA order against Appellee.

Appellant filed a timely notice of appeal. On January 24, 2018, the court issued an order directing her to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant's Rule 1925(b) statement was not filed until April 9, 2018. On April 16, 2018, the trial court issued a Rule 1925(a) opinion, concluding that Appellant's Rule 1925(b) statement was untimely and, thus, her issues are waived. *See* Trial Court Opinion (TCO), 4/16/18, at 1. Alternatively, the court concluded that there was insufficient evidence to support a finding of abuse, as defined by the PFA Act. *Id.*

Appellant now raises two issues for our review:

I. Whether the [trial] court erred in holding that impairment of physical condition or substantial pain is required proof in [PFA] matters?

II.     Whether bruises and pain[] caused by the actions of [Appellee] below establish abuse for purposes of a [PFA] matter?

Appellant's Brief at 5 (emphasis and unnecessary capitalization omitted).

Initially, we must address whether Appellant's untimely-filing of her Rule 1925(b) statement waives her issues for our review. In *Greater Erie Indus. Development Corp. v. Presque Isle Downs*, 88 A.3d 222 (Pa. Super. 2014), this Court reiterated the firmly-established rule that, "[w]henever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." *Id.* at 225 (quoting *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 803 (Pa. Super. 2007)) (citations and emphasis omitted). However, we went on in *Greater Erie* to acknowledge that, "there are still operative exceptions to Rule 1925(b) waiver with regard to timeliness." *Id.* We explained that we must "look first to the language" of the trial court's Rule 1925(b) order to ensure it satisfied the dictates of Rule 1925(b). *Id.* at 225–226. Then, we must ensure that the prothonotary provided the appellant with written notice of the court's Rule 1925(b) order. *Id.* at 226. We stated that the failure of the prothonotary to do so "will prevent waiver for timeliness pursuant to [Rule] 1925(b)." *Id.* at 226 (citing *In re L.M.,* 923 A.2d 505, 509–10 (Pa. Super. 2007)).

Here, the court's order satisfied the dictates of Rule 1925(b). However, there is no certificate of service attached to the order or contained anywhere in the certified record. Thus, we cannot confirm that Appellant received

written notice of that order. Moreover, Appellant's counsel claims on appeal that she did not receive such notice. *See* Appellant's Brief at 6. Based on this record, we decline to find waiver in this case.

Moving on to the merits of Appellant's issues, she contends - in one, undivided argument - that the trial court "committed an error of law in utilizing the criminal definition for bodily injury." *Id.* at 10. She also avers that the evidence was sufficient to prove that Appellee caused her bodily injury and, therefore, the court erred by denying her a final PFA order against Appellee. *Id.* at 10-11. Finally, she maintains that even if Appellee did not cause her bodily injury, "physical injury is not required" under the PFA Act. *Id.* at 11.

We disagree with each of Appellant's claims. First, the PFA Act defines "abuse" as follows:

> **"Abuse."** The occurrence of one or more of the following acts between family or household members, sexual or intimate partners or persons who share biological parenthood:
>
> (1) Attempting to cause or intentionally, knowingly or recklessly causing bodily injury, serious bodily injury, rape, involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, aggravated indecent assault, indecent assault or incest with or without a deadly weapon.
>
> (2) Placing another in reasonable fear of imminent serious bodily injury.
>
> (3) The infliction of false imprisonment pursuant to 18 Pa.C.S. § 2903 (relating to false imprisonment).
>
> (4) Physically or sexually abusing minor children, including such terms as defined in Chapter 63 (relating to child protective services).
>
> (5) Knowingly engaging in a course of conduct or repeatedly committing acts toward another person, including following

the person, without proper authority, under circumstances which place the person in reasonable fear of bodily injury. The definition of this paragraph applies only to proceedings commenced under this title and is inapplicable to any criminal prosecutions commenced under Title 18 (relating to crimes and offenses).

23 Pa.C.S. § 6102.

Notably, section 6102 states that "[t]erms not otherwise defined in this chapter shall have the meaning given to them in 18 Pa.C.S. (relating to crimes and offenses)." 23 Pa.C.S. § 6102. "Bodily injury" is not defined in section 6102; thus, the trial court appropriately applied the definition of that term set forth in 18 Pa.C.S. § 2301, which states: "'**Bodily injury.'** Impairment of physical condition or substantial pain." Accordingly, Appellant's first argument that the court incorrectly applied the criminal definition of 'bodily injury' is meritless.

Second, we reject Appellant's claim that the trial court erroneously deemed the evidence of her bruises and pain as insufficient to constitute to 'bodily injury.'

When faced with a sufficiency challenge under the PFA Act, we review the evidence in the light most favorable to the petitioner and, granting her the benefit of all reasonable inferences, determine whether the evidence was sufficient to sustain the trial court's conclusion by a preponderance of the evidence. *Hood–O'Hara v. Wills*, 873 A.2d 757, 760 (Pa. Super. 2005). Furthermore, we must defer to the credibility determinations of the trial court. *Id.* Finally, we note that a PFA petitioner is not required to file a police report, nor is it necessary for her to introduce medical evidence of an injury. *Id.* at 761. The petitioner's testimony is sufficient if it is believed by the trial court. *Id.*

*Custer v. Cochran*, 933 A.2d 1050, 1058 (Pa. Super. 2007).

While Appellant focuses on arguing that her bruises and pain constituted 'bodily injury,' she disregards that the trial court seemingly disbelieved her testimony that she suffered those injuries and pain at the hands of Appellee. For instance, the court stressed that, "some question existed with regard to who was the aggressor and what actually happened during the altercation between [Appellant] and [Appellee]…." TCO at 1. The record supports the court's characterization of the evidence presented at the PFA hearing, where Appellee testified that she and Appellant only pushed each other, and she never hit Appellant. Additionally, the court characterized Appellant's claims of bruising and pain as mere allegations, and found that she had failed to prove either "impairment of physical condition or substantial pain" so as to demonstrate that Appellee caused her bodily injury. *Id.* Thus, is appears that the trial court made a credibility determination in favor of Appellee and against Appellant. We must defer to that decision. *See Custer*, 933 A.2d at 1058.

Third, Appellant's assertion that no physical injury is required to prove abuse under the PFA is technically correct, but inapplicable in this case. In the cases cited by Appellant, this Court addressed section 6102(2), which defines 'abuse' as, "[p]lacing another in reasonable fear of imminent serious bodily injury." 23 Pa.C.S. § 6102(2). In this case, Appellant did not offer any testimony that could support that she was in fear of imminent serious bodily injury; instead, she testified that Appellee caused her bodily injury. Again, the court disbelieved Appellant's testimony in this regard, and the record

supports that credibility determination. Accordingly, we discern no error in the court's denying Appellant a final PFA order and dismissing her petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2018