J-A21007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOSE ESQUIVEL, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RSC EQUIPMENT RENTAL AND | : | No. 43 EDA 2018 |
| UNITED RENTALS (NORTH AMERICA) | : | |
| INC. | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RRR CONTRACTORS | : | |

Appeal from the Judgment Entered December 6, 2017
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): March Term, 2014 No: 5378

BEFORE: PANELLA, J., OLSON, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, J.                **FILED OCTOBER 02, 2018**

The Appellant, Jose Esquivel, appeals from the Judgment entered in the Court of Common Pleas of Philadelphia County on December 6, 2017. His Post-Trial Motion had been earlier denied by way of an Order dated October 23, 2017. We affirm. The dispositive issue herein concerns application of Pa.R.A.P. 1925.

This action was commenced by Esquivel based upon a negligence claim against the Appellees, RSC Equipment Rental and United Rentals (North America, Inc.) (hereinafter collectively "Appellees"). Esquivel alleged he was injured on April 2, 2012, when he was working as a roofer. His complaint

alleged that a scaffold rolled and then suddenly stopped, eventually tilting over and causing his injuries.

The trial court briefly set forth the procedural history pertinent to our decision:

> This is the appeal of the Plaintiff/Appellant, Jose Esquivel, from a jury verdict entered in favor of the Defendant/Appellees on June 16, 2017 following several days of trial. Subsequent to the recording of the verdict, Appellant filed Post-trial Motions on June 26, 2017. Appellee, United Rentals (North America), Inc., filed its Answer in Opposition on July 11, 2017. Oral argument was held on October 23, 2017 and this Court, upon consideration of the parties' respective filings and argument, determined that the Appellant was not entitled to post-trial relief and issued an Order denying the same.
>
> On December 6, 2017, Appellee filed its Praecipe to Enter Judgment on the Verdict. On December 8, 2017, Appellant timely filed his Notice of Appeal to the Superior Court and on December 13, 2017 this Court issued a 1925(b) Order directing the Appellant to:
>
> > 1) file of record a statement of matters complained of on appeal within twenty-one (21) days from the date of the availability of the transcripts from the hearing/trial dates held on June 15, and 16th, 2017.
> > 2) a copy of the statement of maters complained of on appeal shall also be served upon the trial judge; and,
> > 3) an issue not properly included in a timely filed and served statement of matters complained of on appeal shall be deemed waived.
>
> The pertinent transcripts that were specifically requested by Appellant were made available to Appellant's counsel on January 9, 2018. Therefore, Appellant had 21 days or until January 31, 2018 to file his Statement of Matters Complained of on Appeal of record. To date, Appellant has not filed a response to this Court's January 13, 2017 Order, nor has any request for an extension of time to file been made.

Trial Court Opinion dated April 20, 2018, at 1-2 (footnotes omitted).

Following the filing of the appeal, Esquivel filed his Docketing Statement on January 18, 2018, and identified the following issues to be argued:

> The trial court abused its discretion and/or erred as a matter of law when denying Plaintiff's Motion for Directed Verdict with respect to both negligence and causation?
>
> The trial court erred in allowing evidence of OSHA standards to be presented in front of the jury and charging the jury with respect to OSHA.
>
> The trial court erred as a matter of law and/or abused its discretion by permitting Defendant to interject OSHA and OSHA standards in this matter.
>
> The trial court erred in its jury charge concerning admissions of fact.

The certified record from the trial court, which included the trial court's opinion filed pursuant to Rule 1925(a), was received and docketed on April 23, 2018. In its opinion, the trial court requested that the appeal be dismissed as Esquivel has "waived all issues on appeal" because of noncompliance with the directive issued by the court pursuant to Rule 1925(b). No motion was made by Esquivel in the trial court for additional time to file a Rule 1925(b) statement or for permission to file the statement late.[1]

The briefs and reproduced record were timely filed by the parties. In his brief, Esquivel argues for the first time that he should be given leave to file a

---

[1] Rule 1925 specifically gives the trial court authority to enlarge the time or to permit an amended or supplemental statement based upon good cause shown. Pa.R.A.P. 1925(b)(2).

1925(b) statement nunc pro tunc, and that the trial court erred by not granting his request for a directed verdict as to liability.

Prior to addressing Esquivel's argument on the merits, we must determine whether he has preserved it for appeal. Regrettably, we are compelled to find waiver.

In determining whether an appellant has waived issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers appellant's obligation under the Rule. *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). Accordingly, we look to the language of the order to determine whether the trial court complied with Rule 1925. *Id*.; *Berg v. Nationwide Mutual Insurance Company, Inc.*, 6 A.3d 1002, 1007–08 (Pa. 2010)(plurality).

Here, we have carefully reviewed the court's 1925(b) order. Consistent with all of the requirements of Rule 1925(b)(3), the trial court's order specified (1) the number of days within which Appellant was to file a statement of errors; (2) that the statement must be filed; (3) that the statement must be served on the court; and (4) that any issue not properly included in the statement, timely filed and served, would be deemed waived. *See* Pa.R.A.P. 1925(b)(3)(i)-(iv).

As we stated above, the trial court's order under Rule 1925(b) was filed on December 13, 2017, and entered on the docket in the Philadelphia Court on December 14, 2017. The Docketing Statement filed by Esquivel on January

- 4 -

18, 2018, included a copy of the Philadelphia docket entries, which repeated, almost verbatim, the trial court's order of December 13th. Nevertheless, it was not until Esquivel's brief was filed on June 4, 2018, that he, for the first time, requested nun pro tunc relief to file a Rule 1925 statement.

A Rule 1925(b) Statement is necessary for appropriate appellate review.[2] Our Supreme Court has stated:

> Our jurisprudence is clear and well-settled, and firmly establishes that: Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived; the courts lack the authority to countenance deviations from the Rule's terms; the Rule's provisions are not subject to *ad hoc* exceptions or selective enforcement; appellants and their counsel are responsible for complying with the Rule's requirements; Rule 1925 violations may be raised by the appellate court *sua sponte*[.]

***Commonwealth v. Hill***, 16 A.3d 484, 494 (Pa. 2011). An *en banc* panel of this Court observed that:

> Our [Pennsylvania] Supreme Court intended the holding in [***Commonwealth v.***] ***Lord*** to operate as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in *automatic waiver* of the issues raised." ***Commonwealth v. Schofield***, 585 Pa. 389, 888 A.2d 771, 774 (2005) (emphasis added); ***see also*** [***Commonwealth v.***] ***Castillo***, 888 A.2d at 780. Given the automatic nature of this

---

[2] "This Rule is a crucial component of the appellate process. It is intended to aid trial judges in identifying and focusing upon those issues that the parties plan to raise on appeal. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues." 16A Standard Pennsylvania Practice 2d § 88:24.

type of waiver, we are required to address the issue once it comes to our attention. Indeed, *our Supreme Court does not countenance anything less than stringent application of waiver pursuant to Rule 1925(b)*: "[A] bright-line rule eliminates the potential for inconsistent results that existed prior to **Lord**, when ... appellate courts had discretion to address or to waive issues raised in non-compliant Pa.R.A.P. 1925(b) statements." **Id.** Succinctly put, *it is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements*.

**Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*) (emphasis added). In **Hess v. Fox Rothschild, LLP**, 925 A.2d 798 (Pa. Super. 2007), we clearly stated that "[w]henever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant **must** comply in a timely manner." **Id**. at 803 (emphasis in original).

However, Rule 1925 includes a process where a case may be remanded by an appellate court for the filing of a Rule 1925 statement:

> **(c) Remand.**
> (1) An appellate court may remand in either a civil or criminal case for a determination as to whether a Statement had been filed and/or served or timely filed and/or served.
> (2) Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing nunc pro tunc of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion.

Pa.R.A.P. 1925(c). The Note following Rule 1925 makes it clear that nunc pro tunc relief is available when there has been "a breakdown in the process constituting extraordinary circumstances." Our Supreme Court has determined:

- 6 -

> Allowing an appeal *nunc pro tunc* is a recognized exception to the general rule prohibiting the extension of an appeal deadline. This Court has emphasized that the principle emerges that an appeal *nunc pro tunc* is intended as a remedy to vindicate the right to an appeal where that right has been lost due to certain extraordinary circumstances. Generally, in civil cases an appeal *nunc pro tunc* is granted only where there was fraud or a breakdown in the court's operations through a default of its officers.

*Union Elec. Corp. v. Bd. Of Prop. Assessments, Appeals & Review of Allegheny Cty.,* 746 A.2d 581, 584 (Pa. 2000) (citations and internal quotation marks omitted); *see also, In re Canvass of Absentee Ballots of November 4, 2003 General Election*, 843 A.2d 1223, 1234 (Pa. 2004) ("fraud or the wrongful or negligent act of a court official may be a proper reason for holding that a statutory appeal period does not run and that the wrong may be corrected . . . *nunc pro tunc.*").

Based upon a review of the docket and certified record, we conclude that there is no allegation or evidence which in any way supports a contention that there was a breakdown in the operations of the court system.

The Note following Rule 1925 also recognizes that courts have allowed *nunc pro tunc* relief based upon good cause shown when "non-negligent circumstances, either as they relate to appellant or his counsel" occasion delay. *See* Note, Pa.R.A.P. 1925(b)(2)&(c)(2); *McKeown v. Bailey*, 731 A.2d 628, 630 (Pa. Super. 1999). There is still a requirement for the appellant to act in a timely fashion; the appellant must attempt to remedy the failure to file the statement within a "very short duration" of

time. ***Id.***; ***Amicone v. Rok***, 839 A.2d 1109, 1113 (Pa. Super. 2003) (recognizing a breakdown in process, but finding the delay too long to justify *nunc pro tunc* relief).

Here, Esquivel provided the following reason for failing to file his Rule 1925 statement:

> Appellant's counsel drafted the necessary Rule 1925(b) Statement of Matters Complained of. A secretary typed up the document and it was reviewed by Appellant's counsel. The document was finalized for filing and service upon the trial judge. The secretary unexpectedly ceased her employment several days following. The document was not filed. A subsequent check indicated that the document appeared to have been filed. It was not until the trial court issued its opinion that Appellant's counsel was advised the Rule 1925(b) Statement was not filed. The trial court maintained it lost jurisdiction of the matter to this Court and, therefore would not entertain a motion for leave to file the Rule 1925(b) Statement nunc pro tunc.

Appellant's Brief at 23. Obviously, this explanation does not constitute a non-negligent excuse, nor does it provide a reason why an application to rectify the failure to file the statement was not pursued earlier.[3]

Accordingly, we find all of Appellant's issues waived for failure to properly file and serve a timely court-ordered 1925(b) statement.

Order affirmed.

---

[3] We closely examined the certified record and could find nothing to support the contention that the trial court refused to entertain an application to file a Rule 1925 statement late or nun pro tunc.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/2/18</u>