J-S50017-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA APPELLANT | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| DALTON PATRICK ROBINSON | : : | No. 1826 WDA 2017 |

Appeal from the Judgment of Sentence October 20, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s):  CP-25-CR-0001864-2017

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    FILED OCTOBER 31, 2018

The Commonwealth appeals from the judgment of sentence entered on October 20, 2017, in the Erie County Court of Common Pleas, following the denial of its motion for reconsideration/motion to vacate plea.  The Commonwealth contends the trial court erred and/or abused its discretion by sua sponte changing the plea offer from possession with intent to deliver to simple possession, and then sentencing appellee, Dalton Patrick Robinson, accordingly.  See Commonwealth's Brief at 3.  Based on the following, we affirm.

The trial court set forth the relevant background as follows:

In addition to other counts, [Robinson] was charged at Count Four with Possession With Intent to Deliver (marijuana).   On September 6, 2017, before the Commonwealth provided defense counsel with the laboratory report containing test results and weight of the substance believed to be marijuana, Robinson entered a negotiated guilty plea to certain counts of the

Information including Count Four, Possession With Intent to Deliver. After the plea hearing, in late September of 2017 the Commonwealth provided defense counsel with the lab report which indicated the weight of the marijuana at issue was 25 grams. From September 27, 2017 until the morning of the sentencing hearing of October 20, 2017, [d]efense counsel sought the Commonwealth's consent to either [sic] amend Count Four to either a "small amount of marijuana"[3] or "possession of marijuana." The morning of the sentencing hearing, defense counsel reviewed an e-mail from the Commonwealth sent the previous day advising the Commonwealth did not consent to [an] amendment of Count Four.

_____

[3] The offense of possession of a small amount of marijuana for personal use involves thirty (30) grams (or less) of marijuana or eight (8) grams of hashish. 35 P.S. § 780-113(a)(31).

_____

At sentencing on October 20, 2017, defense counsel presented an oral motion in the nature of an oral motion for extraordinary relief pursuant to Pa.R.Crim.P. 704(B), seeking the relief of amendment of Count Four to conform to the facts as recited herein. The Commonwealth did not dispute the lab report revealed the weight of the marijuana was 25 grams. There was no dispute the marijuana was found in one container as opposed to several and no cash was found. After argument, pursuant to Pa.R.Crim.P. 704(B)(2), the Court granted the motion and conformed the charge at Count Four to possession of marijuana at 35 P.S. § 780-113(a)(16), a misdemeanor, in view of the weight of the substance. At Count Four, the Court sentenced Robinson to one-year of county-supervised probation, consecutive to the sentence imposed at Count Three.

On October 20, 2017, the Commonwealth filed a Motion for Reconsideration/Motion to Vacate Plea, for reasons including the conforming of the charge at Count Four. On November 21, 2017, following a hearing, the Court denied the motion. On December 4, 2017, the Commonwealth filed a Notice of Appeal. On December 7, 2017, the Court issued a [Pa.R.A.P.] 1925(b) Order, directing the Commonwealth to file a Statement of Matters

Complained of on Appeal in 21 days.  On January 24, 2018, the Commonwealth filed a Concise Statement of Matters Complained of On Appeal.

Trial Court Opinion, 2/20/2018, at 1-3 (record citations omitted).

As noted above, the Commonwealth raises the following issue on appeal:

> Whether the lower court erred as a matter of law or abused its discretion by sua sponte change the plea offer from possession with intent to deliver to possession and then sentencing [Robinson] accordingly.

Commonwealth's Brief at 3.

Before addressing the merits of the Commonwealth's issue, we must determine whether it has preserved this claim for our review, as required by Pa.R.A.P. 1925(b).  The Pennsylvania Supreme Court has set forth a bright line rule that, "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925.  Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." Commonwealth v. Castillo, 888 A.2d 775, 780 (Pa. 2005), quoting Commonwealth v. Lord, 719 A.2d 306 (Pa. 1998).  See also Pa.R.A.P. 1925(b)(2) ("The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement.").  Moreover, this Court has previously stated:

> [I]t is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised

issues. Under current precedent, even if a trial court ignores the untimeliness of a Rule 1925(b) statement and addresses the merits, those claims still must be considered waived: "Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." Hess v. Fox Rothschild, LLP, 2007 PA Super 133, 925 A.2d 798, 803 (Pa. Super. 2007) (citing Castillo, 888 A.2d at 780)) (emphasis in original); see Feingold v. Hendrzak, 2011 PA Super 34, 15 A.3d 937, 940 (Pa. Super. 2011).

Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc., 88 A.3d 222, 225 (Pa. Super. 2014) (en banc).

Here, a review of the record reveals the court issued a Rule 1925(b) order on December 7, 2017, directing the Commonwealth to file a concise statement in 21 days. The Commonwealth filed a concise statement on January 24, 2018, 27 days late. Furthermore, in its Rule 1925(a) opinion, the trial court stated: "No request to extend the time for filing was submitted to the Court. The issue raised in the untimely [c]oncise [s]tatement is waived. Pa.R.A.P. 1925(b)." Trial Court Opinion, 2/20/2018, at 3 (italics omitted). Accordingly, the Commonwealth has failed to comply with the trial court's December 7, 2017, order as well as the rules of appellate procedure. Therefore, it has waived its issue for our review. See Castillo, supra.

Furthermore, the trial court did address the merits of the Commonwealth's claim in its Rule 1925(a) opinion, and found there was no merit to the issue. See Trial Court Opinion, 2/20/2018, at 3-4.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/31/2018