J-S05021-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| LISA REZZETANO LACHINA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LACHINA DRAPERY & BLIND, LLC, | : | No. 760 WDA 2022 |
| LEONARD LACHINA, AND MARGARET | : | |
| POLLOCK | : | |

Appeal from the Order Entered June 8, 2022
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD 22-003585

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED:  May 17, 2023**

Lisa Rezzetano Lachina (Wife) appeals from the order, entered in the Civil Division of the Court of Common Pleas of Allegheny County, sustaining the preliminary objections of Leonard Lachina (Husband), Lachina Drapery & Blind, LLC, and Margaret Pollack (collectively, Appellees) and dismissing Wife's civil action.  Because Wife has waived all issues on appeal for failing to file a timely court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, we affirm.

Husband and Wife were married on November 10, 1990.  Husband is the president and 50% owner of Appellee Lachina Drapery & Blind, LLC (Company).  The Company manufactures and sells custom draperies, blinds,

shades, shutters, and bed coverings.[1]  Appellee Margaret Pollock is the remaining 50% owner of the Company.  During their marriage, Wife worked for the Company, ultimately assuming the role of the Company's Office/Sales Manager.

On January 12, 2021, Husband filed a complaint in divorce, in the Family Division of the Court of Common Pleas of Allegheny County, seeking dissolution of the parties' marriage and equitable distribution of their marital estate.  On June 10, 2021, the parties entered into a marriage settlement agreement (Agreement), which was incorporated into the parties' divorce decree.  The Agreement included provisions for Wife's future employment with the Company.[2]  On July 12, 2021, a divorce decree was entered.

On January 21, 2022, Wife filed a "Petition for Enforcement of Marriage Settlement Agreement and for Contempt of Court" in the **Family Division** of the Court of Common Pleas of Allegheny County.  Husband filed a response and counterclaim.  On February 2, 2022, a consent order was entered into by the parties assigning their claims and counterclaims to a permanent divorce hearing officer and scheduling a conciliation conference in the Family Division on April 2, 2022.

---

[1] The Company currently has two showrooms located in Pittsburgh and Wexford.  Its main office is at the Pittsburgh location.  At the time Wife worked in operations for the Company, there was also a Dormont, Pennsylvania, location.

[2] In light of our disposition, we need not provide a detailed factual summary.

On April 4, 2022, Wife filed the instant complaint against Appellees in the **Civil Division** of the Court of Common Pleas of Allegheny County seeking enforcement of the portion of the parties' Agreement relating to Wife's employment with the Company. In the complaint, Wife avers that Appellees' constructively discharged her from the Company by "chang[ing] the terms and conditions of [Wife's] employment and the working environment at Lachina Drapery[,] making [her] continuing in her employment impossible . . . [and] effectively remov[ing] her from her day-to-day supervisory capacity at Lachina Drapery." Plaintiff's Complaint, 4/4/22, at ¶¶ 38-39. Specifically, Wife alleges that Husband rehired his niece and placed her in a position in which she had daily contact with Wife that "infringe[d] upon [Wife's] duties and responsibilities as Office/Sales Manager."[3] *Id.* at ¶ 23.

On April 25, 2022, Appellees filed preliminary objections to Wife's complaint alleging that it was filed in the wrong division of the court of common pleas and that, because Pollock is not a party to the Agreement, the complaint fails to assert any claims against her. *See* Pa.R.C.P. 1028(a)(2), (4); Allegheny County Local Rule 198(1) (actions between family members). Wife filed a response to Appellees' preliminary objections. On June 8, 2022,

_____

[3] Prior to their divorce, Wife alleges she had been responsible for all day-to-day Company operations. However, after the execution of the Agreement, Wife claims that Husband: instructed her that she was no longer permitted to make decisions on behalf of the Company; told Wife on multiple occasions to "stay home;" and, ultimately, changed the terms and conditions of Wife's compensation and benefits by reducing her vacation time and the amount of her yearly minimum discretionary bonus. *See id.* at ¶¶ 17-27.

following argument, the trial court sustained Appellees' preliminary objections and dismissed Wife's complaint filed in the civil division.

On June 29, 2022, Wife filed a timely notice of appeal. On June 30, 2022, the trial court ordered Wife to file a Rule 1925(b) statement "no later than 21 days from entry of this order on the docket." Order, 6/30/22. On August 12, 2022, Wife's counsel filed a Rule 1925(b)[4] statement. In her appellate brief, Wife presents the following issues for our consideration:

(1) Whether [Wife] properly filed her complaint in the Allegheny County Civil Division[.]

(2) Whether Margaret Pollock was properly named as a Defendant[.]

Appellant's Brief, at 5 (unnecessary capitalization omitted).

Before reviewing Wife's issues on appeal, we must first address the apparent untimely filing of her Rule 1925(b) statement. Wife was ordered to

_____

[4] Wife's statement, which is incorrectly captioned as a "Statement of Errors Complained of on Appeal Pursuant to P[a].R.A[.]P. 1925**(D),**" includes the following issues:

(1) With respect to the first issue, plaintiff contends that the trial court committed error because plaintiff has a constitutional right to a jury trial for plaintiff's breach of contract claim which is not guaranteed in the Family Division of the Court of Common Pleas of Allegheny County. *Pennsylvania Constitution*, *Article I*, *§ 6.*

(2) Further, plaintiff's claim against Margaret Pollock as one of two members of defendant, Lachina Drapery & Blind Factory, LLC, is appropriate as she is a principal of the plaintiff's former employer.

Pa.R.A.P. 1925(b) Statement, 8/12/22, at 2.

- 4 -

file her statement within **21** days of the trial court's Rule 1925(b) order, which was entered on the docket on June 30, 2022. **See** Civil/Family Division Docket Report, at 2 (6/30/22 order of court entry indicating "Plaintiff shall file and serve [Rule 1925(b)] statement no later than 21 days from entry of this order"). Moreover, the order designated "[a]s per Rule 236 Notice, copies [were] sent to all parties 06/30/2022." Order, 6/30/22. Wife's statement was filed on August 12, 2022, **43** days later.

The Pennsylvania Supreme Court has held that "[w]henever a trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1926(b), the appellant *must* comply in a timely manner." **See Hess v. Fox Rothschild, LLP**, 925 A.2d 798, 803 (Pa. Super. 2007) (emphasis in original), citing **Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005). "Failure to [timely] comply with a Rule 1925(b) order will result in waiver of all issues raised on appeal." **Hess**, **supra** at 803 (citations omitted).

There are limited exceptions to the general rule that untimely Rule 1925(b) statements result in waiver of all issues on appeal. Those exceptions occur when: (1) the trial court's Rule 1925(b) order does not comply with the requirements of Rule 1925; (2) the record does not indicate when order was sent to appellant; (3) the appellant applies and is granted, for good cause shown, enlargement of time to file the statement or for amendment or supplementation of timely-filed statement; (4) the appellant requests and is granted an extension of the deadline to file a statement until 21 days following

- 5 -

the date that a necessary transcript(s) is/are entered on the docket; and (5) in extraordinary circumstances, the court gives permission for the filing of a *nunc pro tunc* statement, amendment of the statement, or supplementation of timely-filed and served statement. ***See*** Pa.R.A.P. 1925(b)(2)(i)-(ii), (b)(3), (c)(1)-(2); Pa.R.C.P. 236(a)(2)(b). Moreover, the fact that the trial court addresses the merits of issues raised in an untimely Rule 1925(b) statement is of no moment. ***See also Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 225 (Pa. Super. 2014) (en banc) ("Stated simply, it is no longer within this Court's discretion to review the merits of an untimely Rule 1925(b) statement based solely on the trial court's decision to address the merits of those untimely raised issues.").

The record does not reflect and Wife does not claim that counsel petitioned for an extension within which to file her statement or applied to file a *nunc pro tunc* statement. ***See*** Pa.R.A.P. 1925(b)(2). Moreover, the trial court's Rule 1925(b) order complies with the rule's requirements, ***see*** Pa.R.A.P. 1925(b)(3), including an indication on the docket that Rule 236 notice was sent to all parties on 6/30/22. Because no exception to the general rule that a Rule 1925(b) statement must be timely filed or the appellant will suffer waiver of all claims exists in the instant case, we conclude that Wife has waived all issues on appeal. ***Greater Erie***, ***supra***.

Order affirmed.

- 6 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/17/2023