J-S36002-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHRISTIANA TRUST, A DIVISION OF WILMINGTON SAVINGS, WILMINGTON SAVINGS FUND SOCIETY FSB, AND MTGLQ INVESTORS LP | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : | |
| CALVIN FIELDING, SR. | : : | No. 3118 EDA 2022 |
| Appellant | : | |

Appeal from the Order Entered November 10, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): 170402857

BEFORE: BOWES, J., NICHOLS, J., and KING, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 11, 2023**

Calvin Fielding, Sr., appeals *pro se* from the order denying his petition to set aside the sheriff's sale of his foreclosed-upon property. We affirm.

We glean the following case history from the trial court opinion. In 2006, Mr. Fielding took out a $96,000 loan secured by real property situated in Philadelphia. Although Mr. Fielding promptly signed a notice of recission on the day he received the funds, he did not follow through with the recission by returning the money. The mortgage was assigned in 2007. Appellant stopped making payments in 2009, notice of intent to foreclose was sent in 2013, and the mortgage was reassigned to Christiana Trust, which initiated foreclosure proceedings in 2017. MTGLQ Investors, LP, became the plaintiff in the action and obtained a verdict and *in rem* judgment. Mr. Fielding filed no post-trial

motions, which resulted in his subsequent appeal being dismissed for failure to preserve any claims. MTGLQ initiated execution proceedings on its judgment, which were delayed by Mr. Fielding's opposition and the COVID-19 pandemic.

A sheriff's sale was eventually scheduled for October 4, 2022. Mr. Fielding filed an eleventh-hour emergency petition to stay it. The trial court held a hearing at which Mr. Fielding sought to relitigate the foreclosure action, reasserting the same defenses that had been rejected at trial. Finding that Mr. Fielding had "zero credible basis for his requested relief," the trial court denied the petition. Trial Court Opinion, 5/2/23, at 5. The property was sold at auction the same day.

On October 17, 2022, Mr. Fielding filed a motion to set aside the sheriff's sale, reiterating the same previously-rejected arguments about the validity of the foreclosure judgment. The trial court denied the motion by order of November 10, 2022. This timely appeal followed, and both Mr. Fielding and the trial court complied with Pa.R.A.P. 1925. Mr. Fielding presents the following questions for our review, which we have re-ordered for ease of disposition:

> 1. Whether the trial court erred in denying my motion to set aside the sale, giving no basis for the denial and dismissal?
>
> 2. Whether the trial court erred in denying my motion to set aside the sale, since the sale should not have been permitted to proceed because a loan modification was offered and pending?

3.    Whether the trial court erred in denying my motion to set aside the sale, since the sale should not have been permitted to proceed because it was a breach of contract?

4.    Whether the trial court erred in denying my motion to set aside the sale, since the sale should not have been permitted to proceed because the plaintiff admitted they never sent a correct notice of intent to foreclose?

5.    Whether the trial court erred in denying my motion to set aside the sale, because the plaintiff lacked standing?

6.    Whether the trial court erred in failing to properly attach an opinion?

Mr. Fielding's brief at 2-3 (cleaned up).

The following principles govern our review:

We will not reverse a trial court's decision regarding whether to set aside a sheriff's sale absent a clear abuse of discretion. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the judgment is the result of partiality, prejudice, bias or ill-will, as shown by the evidence of record, discretion is abused.

A petition to set aside a sheriff's sale is grounded in equitable principles. The petitioner bears the burden of establishing grounds for relief.

*LSF8 Master Participation Tr. v. Petrosky*, 271 A.3d 1288, 1291 (Pa.Super. 2022).

Upon a thorough review of the certified record, the parties' briefs, and the applicable law, we discern no error of law or abuse of discretion on the part of the trial court as to the issues raised by Mr. Fielding, and we affirm the order on the basis of the cogent opinion that the Honorable Anne Marie B.

Coyle issued on May 2, 2022.[1] Specifically, Judge Coyle properly concluded that Mr. Fielding was well-aware of the court's basis for rejecting his arguments based upon the prior proceedings, and that no statute or court rule required the preparation of an opinion explaining the denial of Mr. Fielding's motion prior to the appeal. ***See*** Trial Court Opinion, 5/2/23, at 6-7. Further, Judge Coyle acted well within her discretion in determining that Mr. Fielding presented no evidence to invoke the court's equitable powers to stay the sale. ***Id***. at 8-9.

In short, Mr. Fielding had the opportunity to obtain appellate review of his issues concerning the validity of the mortgage foreclosure action and judgment in an appeal therefrom. He squandered that opportunity by failing to preserve the issues such that his appeal was dismissed. The trial court properly concluded that his collateral attack upon that judgment via the petition to set aside the sale is untenable. No relief is due.

Order affirmed.

---

[1] MTGLQ argues that Mr. Fielding's arguments are waived because he failed to properly: (1) preserve them in a post-trial motion or develop them in his brief, (2) cite pertinent authorities within his brief, or (3) ensure inclusion within the certified record of that the transcript of the hearing on the motion denied in the appealed-from order. ***See*** Appellee's brief at 12-13. Instead of finding waiver, we have considered Mr. Fielding's arguments to the extent that his brief and the certified record before us permits and have concluded that the trial court's opinion ably disposes of them.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  October 11, 2023

## IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## TRIAL DIVISION – CIVIL

CHRISTIANA TRUST, A DIVISION
OF WILMINGTON SAVINGS FUND
SOCIETY, FSB, AND MTGLQ
INVESTORS LP,
     Plaintiff(s)

    v.

CALVIN FIELDING, SR.,
    Defendant

APRIL TERM 2017
NO. ~~20857~~
02857

SUPERIOR COURT
NO. 3118 EDA 2022

2023 MAY -2 PM 1: 53

## OPINION

Appellant, Calvin Fielding, Sr., the Defendant in the above-captioned mortgage foreclosure civil action, seeks review of the Order that had been entered on November 10, 2022, by the Honorable Anne Marie B. Coyle, presiding as Judge of the First Judicial District of Pennsylvania, Court of Common Pleas, Civil Division, hereinafter referred to as "this Court," denying Appellant's *Petition to Set Aside the Sheriff's Sale*[1] for property located at 7153 N. 19th St., Philadelphia, PA 19126. Review of the record reveals that Calvin Fielding, Sr. failed to introduce any evidence that had warranted this Court exercising its equitable powers to set aside the subject sale of the property located at 7153 N. 19th St., Philadelphia, PA 19126 on October 4, 2022 by the City of Philadelphia Sheriff's Department.

OPFLD-Christiana Trust Vs Fielding



17040285700146

---

[1] Appellant in his respective filings has interchangeably referenced the subject pleading as both a *Motion to Stay the Sale* and a *Petition to Set Aside Sheriff Sale*.

## FACTUAL AND PROCEDURAL HISTORY

On September 18, 2006 Appellant Calvin Fielding, Sr. signed and executed a promissory note ("Note") secured by a mortgage ("Mortgage") loan in the amount of $96,000, to refinance the real property located at 7153 N. 19th St., Philadelphia, PA 19126, hereinafter the "Property," with Mortgage Lenders Network, USA. *See Procedural and factual history recorded in MTGLQ Investors, LP v. Fielding, Sr.*, 2020 WL 8024774, at *1 (Pa.Com.Pl.). On September 18, 2006, after receiving the funds, Mr. Fielding signed a Notice of Rescission to attempt to rescind the loan pursuant to 15 USC §1635 of the Federal Truth in Lending Act. However, Mr. Fielding failed to tender the received funds to Mortgage Lenders Network, USA, and to take required termination steps to terminate the Note and Mortgage. *Id.* Instead, he misappropriated the received funds to pay off several other outstanding debts and kept the excess cash. *Id.* As a result, Mortgage Lenders Network, USA, duly recorded the Mortgage with the Philadelphia County Recorder of Deeds Office and began servicing the Note and the Mortgage. *Id.*

On or before February 2, 2007, Bank of America N.A., was assigned possession and servicer of the original loan. *Id.* On or about September 28, 2012, Bank of America, determined that they had lost the original Note and executed an *Affidavit of Lost Note* to affirm that they had not transferred the Note and had remained its rightful possessor. *Id.* at 3.

Appellant stopped making payments on the Mortgage Loan and Note on May 1, 2009. Bank of America informed Appellant of the default due to his non-payment on August 12, 2009. *Id.* On April 12, 2013, Bank of America, also informed Mr. Fielding of their intent to foreclose via certified mail that had been sent to the Property. Pending the commencement of foreclosure litigation, the Note and the Mortgage Loan were transferred between several lenders and servicers before Christiana Trust became the holder of the Mortgage. *Id.*

2

On April 20, 2017, Christiana Trust filed a *Complaint in Mortgage Foreclosure* against the Property, requesting an *in-rem* judgment for $169,306.07. Over the course of lengthy litigation, the Mortgage and Note underwent several more transfers until the current Plaintiff and Appellee, MTGLQ Investors, LP., became holders and servicers of the Mortgage Loan and Note on June 21, 2019. *Id.*

On January 8, 2020 and January 9, 2020, the Honorable Stella Tsai, Judge of the Court of Common Pleas for the First Judicial District of Pennsylvania Civil Division conducted a bench trial. Plaintiff MTGLQ Investors, LP was represented by Bradley J. Osborne, Esquire, and Appellant Calvin Fielding was represented by Joshua L. Thomas, Esquire.[2] Judge Tsai entered a verdict and judgment *in rem* in favor of Plaintiff MTGLQ Investors, LP, on November 10, 2020. In a Memorandum Opinion supporting the Order of Judgement, Judge Tsai determined that Defendant Calvin Fielding, Sr. had been in default of the Note and Mortgage Loan due to his chronic non-payment toward his obligations, and recited the following three relevant findings of fact, *inter alia:*

1.  "Plaintiff MTGLQ Investors, LP. had standing to enforce the Mortgage and Note.
2.  Plaintiff MTGLQ Investors, LP was in possession of a valid *Affidavit of Lost Note*, properly effectuated by prior Note servicer Bank of America, NA.
3.  Defendant failed to properly execute recission of the loan."

*Id.* at 4-8.

On December 7, 2020, Mr. Fielding, through former counsel, filed a timely appeal of the Order and Judgment to the Superior Court of Pennsylvania. The appellate court quashed the appeal on February 16, 2021. On February 2, 2021, Plaintiff MTGLQ Investors, LP filed a *Praecipe for*

---

[2] While the docketed record reflects that Mr. Thomas still represents Mr. Fielding, the Supreme Court of Pennsylvania issued a two-year suspension of Mr. Thomas' license to practice law in the Commonwealth of Pennsylvania on October 1, 2021. Appellant has proceeded *pro se* in the current litigation before this Court.

*Writ of Execution*, and the Philadelphia Sheriff's Department initially scheduled a Sheriff's Sale of the Property for May 4, 2021. In response, Defendant Fielding filed a *Motion to Strike the Writ* on April 8, 2021 and the sale was continued until July 13, 2021.

On June 15, 2021, Judge Tsai granted Defendant's *Motion to Strike the Writ*, after finding that the Prothonotary had lacked jurisdiction to enter the writ, due to then pending appeal. As a result, the City of Philadelphia Sheriff's Department cancelled the July 13, 2021 sale of the subject Property. Thereafter, the matter was stayed for over a year due to the entry of Administrative Order No. 18, by the Court of Common Pleas for the First Judicial District of Pennsylvania, which had directed a moratorium of all sheriff's sales due to the COVID-19 pandemic.

Administrative Order No. 18, expired on December 31, 2021, and on June 29, 2022, current servicer, and Plaintiff, MTGLQ Investors, LP, filed a second *Praecipe for Writ of Execution*. The City of Philadelphia Sheriff's Department subsequently scheduled a sale of the Property for October 4, 2022. On October 3, 2022, at or around 6:24 P.M., Defendant Calvin Fielding Sr. filed an *Emergency Petition to Stay Sale*,[3] which was assigned to this Court as the presiding Judge of the Philadelphia Court of Common Pleas Civil Motions program. In his Petition, Mr. Fielding repeated his previously disproven and completely resolved claims, that he had rescinded the loan, that the lost Note had been fraudulently obtained, and that Plaintiff MTGLQ Investors, LP had lacked standing to foreclose on the Mortgage and Note. This Court scheduled an emergency hearing to address Appellant's *Emergency Petition to Stay Sale* for 10:00 A.M. on October 4, 2022 in Courtroom 446 City Hall Philadelphia, PA.

At the hearing, Mr. Fielding appeared in person *pro se*, and Sara McCaffrey Esquire, appeared as counsel for Plaintiff by phone, because Appellant had filed to abide by this Court's

---

[3] Appellant interchangeably references this filing as both an Emergency Motion to Stay a Sale and a Petition to Stay Sale.

previously issued *Ex Parte* Order directing him to serve Plaintiff with a copy of his *Emergency Petition to Stay* and Rule and Notice of hearing date, time, and location. *See Notes of Testimony from hearing on October 4, 2022 p. 13.*

Counsel for Plaintiff, Sara McCaffrey, Esquire, duly informed this Court that MTGLQ Investors, LP had previously and properly served Appellant with a copy of the Writ and Notice of the Sheriff Sale by certified mail and by posting to the Property. *Id.* at 16. Plaintiff's attorney further related that Mr. Fielding had rejected all offers of loan mitigation, contrary to his false representations to this Court. *Id.* at 17. In response, Appellant repeated his claims that he had rescinded the loan, and that the *Affidavit of Lost Note* had been fraudulently issued. He demanded that the matter be listed for another trial. *Id.* at 20. Having determined that Appellant had presented zero credible basis for his requested relief, this Court denied the *Emergency Petition to Stay Sale. Id.* at. 22. The Property was sold at sheriff sale and auction that same day. No appeal was filed.

Instead of filing any timely appeal of this Court's Order of October 4, 2022, Appellant filed a *Motion to Set Aside the Sale* on October 17, 2022, which regurgitated the same arguments that had been raised within his *Emergency Petition to Stay the Sale* and during prior oral argument and offered testimony. This Court formally denied the *Motion to Set Aside the Sale* on November 10, 2022. Mr. Calvin Fielding filed an appeal of this Court's Order of November 10, 2022 denying the *Motion to Set Aside the Sale* on December 6, 2022.

On January 4, 2023, this Court directed Appellant to file a Concise Statement of Errors Complained of on Appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). In response, Appellant filed a 1925(b) Statement raising the following verbatim twelve (12) claims:

1.   "Whether the trial court erred in denying my motion to Set Aside The Sale, giving no basis for the denial and dismissal...

2.     Whether the trial court erred in denying my motion to Set Aside The Sale, since The sale should not have been permitted to proceed because a loan modification was offered and pending....

3.     Whether the trial court erred in denying my motion to Set Aside The Sale, since The sale should not have been permitted to proceed because it was a breach of contract...

4.     Whether the trial court erred in denying my motion to Set Aside The Sale, since the sale should not have been permitted to proceed because the Plaintiff admitted they never sent a correct Notice of Intent to Foreclose...

5.     Whether the trial court erred in denying my motion to Set Aside The Sale, because the Plaintiff lacked standing...

6.     Whether the trial court erred in failing to properly attach an opinion...

7.     Whether the trial court erred fails to recognize the new evidence of the lost note robo signed documents and forge file by the plaintiff's complaint...

8.     Whether the trial court erred of the plaintiff complaint of having a clear chain of Title without proof of assignment...

9.     Whether the trial court erred in ignoring the Violation Cease & Desist order of evidence from the SEC filings that the companies have a long history of non-existing and abuse and has been penalized an agreement with the SEC...

10.     Whether the trial court erred in failing to allow for the defense Declaration of Private Investigator, Mortgage auditor William J. Paatalo (sp) findings of Facts...

11.     Whether The trial courts allow a Volition of a false substitution after the default was entered in trial court proceeding was ongoing...

12.     Whether the trial courts erred to ignoring Violation Cease & Desist order of consent Judgements from the Office of the Comptroller of Currency by Continuing to use Deceptive Practices. Voide (sp) Notices of Default. Notices of sale."

**DISCUSSION**

Despite Appellant's listing of a myriad of perceived errors, no claim has been presented that is deserving of appellate relief. Appellant complained in claims numbered one (1) and six (6), that this Court had erred by not attaching to its November 10, 2022 Order, a memorandum opinion stating the rationale for the dismissal of his *Motion to Set Aside the Sale.* Since neither the Pennsylvania nor the Philadelphia Rules of Civil Procedure mandate that a trial court include an Opinion or Memorandum with their Orders, these claims should be summarily dismissed.

6

Moreover, since this Court had already responded to Appellant's previously filed and litigated *Emergency Motion to Set Aside the Sale,* which had included mirror imaged claims to the subject *Motion to Set Aside the Sale,* Appellant had demonstrated no prejudice for this Court's lack of additional comments within the subject Order. Appellant did not appeal this Court's ruling and had been well-advised of this Court's rationale and of Judge Tsai's previous relevant findings.

Within appellate claim number two (2), Appellant asserted "that the sale should not have been permitted to proceed because a loan modification was offered and pending." This complaint directly contradicts credible evidence that had been introduced during the hearing held before this Court on October 4, 2022 in response to Mr. Fielding's last minute Emergency Petition to Stay the Sale. Indeed, the relevant evidence that had been introduced demonstrated quite convincingly that Appellant's claim of a pending loan modification had been patently false because Appellant had repeatedly refused Plaintiff's offers to him to modify the loan obligations.

Additionally, Appellant's claim number three (3), recites that the sheriff sale should not have gone forward because it "was a breach of contract.," This complaint should be dismissed as it is too vague and overly broad. Pa. R.A.P. 1925(b)(4)(ii) requires an appellant to "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." A vague and overly broad issue is deemed waived as it is equivocal to not raising the claim at all. *See Lineberger v. Wyeth,* 894 A.2d 141, 148 (Pa. Super. Ct. 2013); *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 803-04 (Pa. Super. Ct. 2007). Mr. Fielding's third claim is so ambiguous that this Court must guess as to the source of his grievance. Thus, this patently meritless protest had been waived. Similarly, Appellant does not narrate a coherent sentence within claim numbered eleven (11). Since this Court again cannot reasonably determine what claim Appellant is asserting, it has been waived as undecipherable.

7

Appellant's remaining complaints lack any legitimate factual or legal basis that could warrant any relief. Mr. Fielding submitted zero evidence to justify setting aside the sheriff sale of the subject property. Instead, his *Motion to Set Aside the Sale* simply reiterated his claims from previously litigated foreclosure action that had long since been entered as a Judgment and Order following trial.

Specifically, Pa.R.C.P. No. 3132 sets forth direction for when petitions to set aside sheriff's sales may be allowed:

> "Upon petition of any party in interest before delivery of the personal property or of the sheriff's deed to real property, the court may, upon proper cause shown, set aside the sale and order a resale or enter any other order which may be just and proper under the circumstances."

*Pa.R.C.P. No. 3132.* In determining whether to set aside a sheriff's sale, "[e]quitable considerations govern the trial court's decision." *Bank of Am., N.A. v. Estate of Hood,* 47 A.3d 1208, 1211 (Pa. Super. Ct. 2012) (internal citation omitted). It is well settled that the burden of proof is on the petitioner:

> "As a general rule, the burden of proving circumstances warranting the exercise of the court's equitable powers is on the applicant, and the application to set aside a sheriff's sale may be refused because of the insufficiency of proof to support the material allegations of the application, which are generally required to be established by clear evidence."

*Id.* (internal citation omitted). A trial court's decision on a petition to set aside will "not [be] reverse[d] . . . absent an abuse of discretion." *Id.*

Appellant had requested this Court exercise its equitable powers based on a vague proclamation of fraud, and of a false statement that there had been a pending loan modification agreement. Mr. Fielding provided no evidence to support either assertion. To the contrary, Plaintiff, by and through its counsel, had previously and repeatedly debunked these bold claims both during the trial and later during subsequent hearing that this Court had conducted on October

8

4, 2022 to address the earlier *Emergency Petition to Stay the Sheriff Sale*. No appeal was filed following this Court Order that had been entered denying the *Emergency Petition to Stay the Sheriff Sale* on October 4, 2022. Instead, Appellant subsequently filed the meritless *Motion to Set Aside the Sale* which had constituted a belated and repeated attempt to revive previously disposed claims.

Appellant's *Motion to Set Aside the Sale,* on its face, contained vague, repetitive, and conclusory written statements that had been devoid of any factual or legal support. For instance, Mr. Fielding referred to a "pending loan modification agreement" between himself and MTGLQ as justification to set aside the sale. However, the record soundly reflects that Mr. Fielding repeatedly rejected Plaintiff's offers to enter into a loan modification agreement leading up to the Sheriff's Sale. Nor did Appellant provide any documentation or evidence which had demonstrated that there had been any subsequent discussions about a loan modification. Given Mr. Fielding's characterization of Plaintiffs as "bottom-feeder debt collectors," there is no reason to believe that he had approached any loan modification effort with good faith intentions.

Appellate claims numbered nine (9) and twelve (12), referenced unrelated findings against prior Plaintiff, Wilmington Savings Fund Society, FSB, hereinafter "WSFS", made by the United States Securities and Exchange Commission, hereafter "SEC," and Office of the Comptroller of Currency. These criticisms lacked any nexus to Appellant's current circumstances.[4] Notably, Mr. Fielding's "Exhibit I" which documented an SEC decision to institute cease-and-desist proceedings against WSFS, pertained to their dealings with a Mr. Andrew Proctor. As such, this document was completely irrelevant and not permissibly entered evidence. Moreover, Appellant's references to these extraneous findings offered no justification to set aside the sale.

---

[4] While Mr. Fielding referred to an Office of the Comptroller of Currency decision as an attached Exhibit "J" in his petition, he failed to attach the exhibit.

The remainder of Mr. Fielding's claims, lack of evidence notwithstanding, constituted nothing more than baseless attacks upon the validity of the underlying final judgement that had been entered in 2020. Notably, a trial court may not modify an Order after thirty (30) days of its entry. P.A.R.C.P § 5505. *See also Simpson v. Allstate Ins. Co.*, 504 A.2d 335, 337 (Pa. Super. Ct. 1986) ("A entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days.") Once this window passes, a trial court may not rescind an order or relitigate the underlying issues. *Simpson* at 337. Similarly, a court may not relitigate issues determined by a court of higher or concurrent jurisdiction. *Com. v. Starr*, 664 A.2d 1326, 1331 (Pa. 1995) (discussing the "law of the case" doctrine).

Appellant's claims, that as the previous Defendant, he had rescinded the Note and Mortgage, and that the Plaintiff MTGLQ had lacked standing to pursue the foreclosure, and that the *Affidavit of Lost Note* had been fraudulent. Each assertion had been previously presented during trial before Judge Tsai, who found them without merit, and entered a judgement in favor of the Plaintiff in 2020. Mr. Fielding appealed the verdict, and the Superior Court of Pennsylvania dismissed his appeal. Thus, the Order and Judgment had become final well before Appellant appeared before this Court on the eve of the Sheriff Sale and again after the property had been sold. Since the underlying facts of this case had been long since settled, Appellant is not entitled to relitigate them.

Summarily, Appellant has failed to present any clear evidence or reason to warrant this Court to exercise its equitable power to set aside the Sheriff's Sale. Instead, he presented this Court with wild, baseless claims to illegally relitigate a long-settled matter. Since there had been no proper cause demonstrated to set aside the Sheriff's Sale, this Court had committed no error or abuse in discretion by denying Mr. Calvin Fielding's *Motion to Set Aside the Sale.*

10

**CONCLUSION**

For all the foregoing reasons, this Court respectfully requests that its Order of November 10, 2022 denying Appellant's *Motion to Set Aside the Sale* be affirmed.

BY THE COURT:

Hon. Anne Marie B. Coyle, J.